**Ralph Charles ROETH, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 9372.**

United States Court of Appeals
Tenth Circuit.

Aug. 24, 1967.

Rehearing Denied Sept. 20, 1967.

Jay M. Vogelson, Dallas, Tex., for appellant.

John W. Raley, Jr., Asst. U. S. Atty., Oklahoma City, Okl., (B. Andrew Potter, U. S. Atty., Oklahoma City, Okl., with him on brief) for appellee.

Before JONES*, SETH and HICKEY, Circuit Judges.

HICKEY, Circuit Judge.

Appellant was indicted by a grand jury in Oklahoma for escaping from custody while serving an eight year sentence imposed by a Texas Federal Court. A motion to dismiss the indictment was filed by a court-appointed attorney in the Western District of Oklahoma. The motion was filed pursuant to Fed.R.Crim. P. 48(b) and alleged that the indictment was procured to punish appellant for charging federal officers with unreasonable censorship of mail between client and attorney during a habeas corpus proceeding in the Texas District Court. The trial court denied the motion.

Appellant first entered a plea of not guilty to the indictment but some time later came before the court, with his court-appointed attorney, to request the court to permit him to withdraw the not guilty plea and enter a plea of guilty.

The court-appointed attorney, with whom appellant was well satisfied according to the transcript, proposed to the court that the appellant unreservedly enter a plea of guilty, thereby acknowledging the truth of the indictment; however, appellant's counsel submitted to the court that the plea of guilty would not waive appellant's right, if he had one, to appeal from the order overruling the motion to dismiss. The court stated: "[I]t is my opinion at this time * * * that if the defendant enters a plea of guilty it probably would waive any antecedent defects and I doubt seriously that he could appeal." The prosecuting officer confirmed the judge's conclusion. Without citing authority, the court-appointed attorney indicated that counsel who represented the appellant before the Texas Court had advised that such a procedure existed. The court again questioned the validity of such procedure and the court-appointed counsel indicated that if he could preserve all of appellant's rights without there being anything equivocable about the plea, he would have done everything he could do. Appellant was present during all of this colloquy.

The court proceeded under Rule 11[1] to determine that the plea was made voluntarily with understanding of the nature of the charges and the consequences of the plea and to further determine that there was a factual basis for the plea. The court's interrogation of the appellant indicates that the questions conform to the commandments contained in Rule 11. The appellant appropriately answered, indicating to the court that if he entered a plea of guilty, it would be voluntarily and understandingly made. Roeth indicated that no threats had been made, no coercion or pressure used and that he relied upon no promises. The court con-

---

* Of the Fifth Circuit, sitting by designation.

1. Rule 11, Fed.R.Crim.P. provides: "A defendant may plead not guilty, guilty or, with the consent of the court, *nolo contendere*. The court may refuse to accept a plea of guilty, and shall not accept such plea or a plea of *nolo contendere* without first addressing the defendant personally and determining that the plea is made voluntarily with understanding of the nature of the charge and the consequences of the plea. If a defendant refuses to plead or if the court refuses to accept a plea of guilty or if a defendant corporation fails to appear, the court shall enter a plea of not guilty. The court shall not enter a judgment upon a plea of guilty unless it is satisfied that there is a factual basis for the plea."

cluded it would accept the plea of guilty. The plea was then entered and the appellant sentenced, the sentence to run concurrently with the sentence for which he was presently incarcerated.

Appellant relies upon United States v. Doyle, 348 F.2d 715 (2nd Cir. 1965) as authority for the procedure he has attempted to follow. However, in Doyle it is said: "An unqualified plea of guilty, legitimately obtained and still in force, bars further consideration of all but the most fundamental premises for the conviction, of which the subject-matter jurisdiction of the court is the familiar example. The claims here asserted have nothing of this quality." Our own circuit has repeatedly stated that "[a] plea of guilty to an indictment is an admission of all non-jurisdictional facts alleged in the charge." Marteney v. United States, 216 F.2d 760, 762 (10th Cir. 1954); Kagen v. United States, 360 F.2d 30, 32 (10th Cir. 1966); Gallegos v. Cox, 358 F.2d 703, 704 (10th Cir. 1966).

The claim here asserted has nothing of the quality required to authorize the relief sought.

Affirmed.