John Defino **MARTONE**, Defendant, Appellant,

v.

**UNITED STATES** of America, Appellee.

No. 7632.

United States Court of Appeals, First Circuit.

Dec. 7, 1970.

John Defino Martone, pro se.

Julio Morales Sanchez, Acting U. S. Atty., Beatrice Rosenberg, and Colleen C. Kollar, Attys., U. S. Dept. of Justice, on brief for appellee.

Before ALDRICH, Chief Judge, McENTEE and COFFIN, Circuit Judges.

COFFIN, Circuit Judge.

Petitioner was convicted in 1967 of unlawfully purchasing cocaine not in an original, government-stamped package, a violation of 26 U.S.C. § 4704(a), and of knowingly purchasing cocaine that had been brought into the United States illegally, a violation of 21 U.S.C. § 174. He appealed that conviction to this court unsuccessfully, Defino Martone v. United States, 396 F.2d 229 (1st Cir.1968), and has since been serving concurrent seven-year prison terms. He now moves pursuant to 28 U.S.C. § 2255 to vacate his conviction. The district court denied the motion, and petitioner has appealed.[1]

The only evidence against petitioner was that he was discovered flushing cocaine down a toilet. The precise quantity of cocaine that petitioner had in his possession is unknown since he successfully disposed of all but a small amount which remained on the side of the toilet. At his trial, the fact that petitioner had some cocaine in his possession created certain evidentiary presumptions. Under 26 U.S.C. § 4704(a) possession of cocaine is "prima facie evidence" of purchase from a source other than the original, stamped package.[2] Possession is sufficient evidence to authorize a jury to convict a defendant of knowingly purchasing illegally imported cocaine, under 21 U.S.C. § 174. Both of these presumptions operated at petitioner's trial. On the charge of violating 26 U.S.C. § 4704(a), the trial court charged, "if you find it has been shown beyond a reasonable doubt that the defendant was in possession of cocaine in approximately the quantity charged, however little or much that may be, this is in itself prima facie evidence of a violation of the subsection that was referred to. * * *" The court also charged on the 21 U.S.C. § 174 count that if it was proven that petitioner "has had in the past or has had it at the time possession of a narcotic drug * * * from the fact of possession it may be inferred that he had made a purchase of it contrary to the law."

Subsequent to petitioner's conviction becoming final, the Supreme Court decided the cases of Leary v. United States, 395 U.S. 6, 89 S.Ct. 1532, 23 L.Ed.2d 57 (1969), and Turner v. United States, 396 U.S. 398, 90 S.Ct. 642, 24 L.Ed.2d 610 (1970). The former case struck down, as a violation of due process, presumptions similar to the ones operating in petitioner's case, and *Turner* extended the *Leary* doctrine to evidentiary presumptions of the same two statutes under which petitioner was convicted, insofar as those presumptions are based on the possession of cocaine. The Court held that because some cocaine was made legally in the United States and was placed in original, stamped packages, it was not rational to presume that a defendant who was found with cocaine in his possession had not obtained that cocaine, albeit illegally, from an original, stamped package. Similarly, it could not rationally be presumed that cocaine found in a defendant's possession was ultimately foreign in origin. Thus, the Court concluded that, as applied to possession of cocaine, the presumptions that operate in 26 U.S.C. § 4704(a) and 21 U.S.C. § 174 enable a jury to presume the existence of central elements to the offense in situations where the elements might not actually be present.

Petitioner now argues that *Turner* must be retroactively applied, and that his conviction must therefore be vacated. Although petitioner did not raise this issue at trial or on appeal, we cannot under the circumstances of this case hold that he is now barred from doing so. At the time of petitioner's

---

1. We are accustomed to the responsibility of trying not to overlook points of probable substance which may be hidden in the undisciplined presentations of pro se briefs. Petitioner's able brief was an unusual and welcome exception.

2. Although not labeled as such, this rule in fact creates a presumption.

trial and appeal, "there was a solid wall of circuit court authority * * * sustaining the presumption against constitutional attack." United States v. Scott, 425 F.2d 55, 57 (9th Cir.1970); and cases cited at that page. There was one case, Erwing v. United States, 323 F.2d 674 (9th Cir.1963), which held the presumption in 21 U.S.C. § 174 unconstitutional insofar as it applied to the possession of cocaine, but that case was not followed in other circuits nor was it binding in this circuit. The circumstances are therefore exceptional, and petitioner can raise the constitutionality of the presumptions even though he did not do so earlier. United States v. Scott, *supra; cf.* United States v. Mitchell, 432 F.2d 354 (1st Cir. 1970).

We must therefore face the central issue of the retroactivity of *Turner.* Only one other circuit has directly confronted the question of retroactivity of a ruling that an evidentiary presumption of this nature was unconstitutional. The Ninth Circuit concluded in United States v. Scott, *supra,* that the Supreme Court's ruling in *Leary,* which struck down quite similar presumptions based on a finding that a defendant possessed marijuana, was retroactive.[3] In deciding that *Leary* was retroactive, the Court looked primarily to the purpose served by the new standards. Stovall v. Denno, 388 U.S. 293, 297, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967); Desist v. United States, 394 U.S. 244, 249–251, 89 S.Ct. 1030, 22 L.Ed.2d 248 (1969). The conclusion was that the rule of *Leary* was "fashioned to correct a serious flaw in the fact-finding process and therefore goes to the basic integrity and accuracy of the guilt-innocence determination [and therefore] retroactive effect will be accorded." 425 F.2d at 58. We see

no reason why this conclusion should not also apply to give retroactive effect to *Turner.* The presumption that possession of cocaine is sufficient evidence to establish a violation of the two statutes has been declared irrational by the Supreme Court, yet petitioner was convicted by a jury that was charged so as to give weight to that presumption.

Unless permitting the jury to consider the presumption was, under the circumstances, harmless beyond a reasonable doubt, petitioner's conviction must be set aside. Chapman v. California, 386 U.S. 18, at 24, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967). We cannot say that in this case the error was harmless beyond a reasonable doubt. Under the court's instructions the jury could have brought in a verdict of guilty based on only a finding that petitioner had possessed cocaine. Moreover, there was no evidence against petitioner other than the possession of a minute amount of cocaine. The government argues, however, that petitioner must have possessed a large quantity of cocaine and that since very little cocaine is stolen from original, stamped packages, the presumption of 26 U.S.C. § 4704(a) still operates. It relies on a footnote in *Turner,* 396 U.S. at 419 n. 39, 90 S.Ct. 642, which left open the possibility that the presumption might operate if the defendant possessed large quantities of cocaine. But there was no evidence in this case that petitioner had a large quantity; only a little of the drug was found clinging to the toilet. Because petitioner was found with only a small amount of cocaine in his possession, the rule of *Turner* still applies.

Reversed and remanded to the District Court for an order vacating petitioner's conviction.

---

3. The Fifth Circuit reached a contrary conclusion in United States v. Scardino, 414 F.2d 925, 927 (5th Cir. 1969). But it put forth no reasoning in support of its conclusion that "[t]he principles announced by the Supreme Court in the *Leary* case, supra, are to be given prospective application."