**UNITED STATES of America, Appellee,**

v.

**George DeCOSTA, Jr., Defendant, Appellant.**

**No. 7585.**

United States Court of Appeals, First Circuit.

Dec. 14, 1970.

Norman C. Ross, II, Brookline, Mass., by appointment of the Court, for defendant-appellant.

Edward J. Lee, Asst. U. S. Atty., with whom Herbert F. Travers, Jr., U. S. Atty., was on brief, for appellee.

Before ALDRICH, Chief Judge, McENTEE and COFFIN, Circuit Judges.

McENTEE, Circuit Judge.

On September 19, 1969, defendant was arrested in Bloomsdale, Missouri, on a warrant charging him with robbing a federally insured Massachusetts bank, in violation of 18 U.S.C. § 2113(b) (1964). After consulting with court-appointed counsel, he informed the United States Commissioner on October 6 that he wished to plead guilty, waive trial in Massachusetts and have his case disposed of in Missouri pursuant to Fed.R.Crim.P. 20 (b). A two-month delay followed and it was not until December 3 that the necessary papers arrived from Massachusetts. During this period defendant remained in jail, being unable to raise bail. On December 17, after learning that the papers had finally arrived, defendant changed his mind and on December 22 informed his counsel that he now wanted to be tried in Massachusetts. This change of heart apparently occurred when defendant learned that judges in the Eastern District of Missouri had handed down some very harsh sentences in recent weeks in comparable cases.

Defendant was ordered removed to Massachusetts on December 30. He arrived in Boston on January 16, 1970, was indicted on February 3 and arraigned on February 9. On February 18 he filed a motion to dismiss for want of prosecution under Fed.R.Crim.P. 48(b). The district court heard oral argument on that motion on March 10—the date set for trial—and denied it. A jury was then impaneled, but the trial did not proceed because defendant decided to plead guilty. After making the appropriate inquiries under Fed.R.Crim.P. 11, the court accepted his guilty plea. Defendant was sentenced to three years imprisonment but received credit for the six months he had already spent in jail for failure to post bail. He now appeals from the denial of his Rule 48(b) motion, claiming principally that his sixth amendment right to a speedy trial was violated.

At the outset, the government argues that a guilty plea constitutes an automatic waiver of all non-jurisdictional defects, including the sixth amendment right to a speedy trial, citing dictum in United States v. Doyle, 348 F.2d 715 (2d Cir.), cert. denied, 382 U.S. 843, 86 S.Ct. 89, 15 L.Ed.2d 84 (1965). *Accord*, Fowler v. United States, 391 F.2d 276 (5th Cir. 1968); Roeth v. United States, 382 F.2d 96 (10th Cir.), cert. denied, 390 U.S. 1016, 88 S.Ct. 1267, 20 L.Ed.2d 165 (1967). In response, defendant argues that the *Doyle* dictum conflicts with the modern concept of waiver, which has been defined by the Supreme Court as "an intentional relinquishment or abandonment of a known right or privilege." Johnson v. Zerbst, 304 U.S. 458, 464, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461 (1938). *See also* Brady v. United States, 397 U.S. 742, 748, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970). Defendant further emphasizes that in both *Doyle* and *Roeth* the court of appeals combed the record and specifically found that the right to appeal had been waived

below.[1] In the instant case, before accepting defendant's guilty plea, the court informed him, *inter alia,* that he was waiving his right "to a speedy trial *by the Jury already impaneled.*" (Emphasis supplied.) But the government conceded at oral argument that this statement did not convey to defendant that he was waiving his right to appeal from the denial of his Rule 48(b) motion.

We have recently held that the right to trial by jury, the right against self-incrimination, and the right to confront one's accusers are implicitly waived by a guilty plea. United States v. Webb, 433 F.2d 400 (1st Cir. 1970). But those rights are directly related to the substantive matters that would have been presented at trial; whereas the right to a speedy trial has no direct connection to the determination of defendant's guilt or innocence. It would therefore seem to be a useless gesture and a waste of judicial resources to require a defendant to go through the motions of a formal trial in order to preserve his right to appeal the denial of his Rule 48(b) motion.

The government relies on the recent case of McMann v. Richardson, 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970), in which the Court held that, in pleading guilty, a defendant waives his right to attack an alleged coerced confession at a later date. But it does not necessarily follow from the reasoning in the Court's opinion that a guilty plea also waives the right to appeal from the denial of a motion to dismiss for want of prosecution. In *McMann,* the Court stressed that the admissibility of a coerced confession—indeed whether it will even be offered into evidence by the government—is one of several issues a defendant must weigh in deciding whether to plead guilty. It is a matter that is directly related to issues that would be determined at a trial. Furthermore, the Court emphasized that a guilty plea is an "admission in open court that [defendant] committed the crime charged against him." *Id.* at 773, 90 S.Ct. at 1450. As such, it is a clear waiver of the right against self-incrimination, on which any subsequent attack on a coerced confession would have to be based.

█ The issue of the extent of waiver by a plea of guilty is complex and not free from difficulty. We see no necessity of a final ruling, let alone an attempt at delineation, because we see no merit in defendant's substantive claim in any event. In evaluating a claim of denial of a speedy trial, we must first determine whether the length of time prior to trial was unreasonably and unnecessarily long. *Cf.* United States v. Butler, 426 F.2d 1275, 1277 (1st Cir. 1970). An examination of the events from December 22, when defendant informed his counsel that he wanted to be tried in Boston, until March 10, the date set for his trial, reveals no extensive or undue delay. The earlier period, from October 6, when defendant informed the United States Commissioner that he wanted to plead guilty in Missouri, until December 3, when the Rule 20 papers finally arrived from Boston, does seem excessive for what was essentially a clerical operation—if such a relatively short delay as this could ever be considered too long.[2]

█ Even if there was some unnecessary delay, defendant must show **more** than a "mere lapse of time"; he must also show improper motivation on the government's part or that he has been prejudiced. Carroll v. United States, 392 F.2d 185, 186 (1st Cir. 1968); *see also* United States v. Frost, 431 F.2d 1249 (1st Cir. 1970). There is no allegation that the prosecution's conduct was "purposeful or oppressive." Pollard

---

1. Although in *Fowler,* the court did not review the record, we believe that, in light of Johnson v. Zerbst, *supra,* and for the reasons stated herein, this should be done in cases of this kind.

2. We are not impressed by the government's statement that it was busy preparing briefs in other cases although we do accept the explanation offered at oral argument that time was needed to decide whether to indict a potential co-defendant.

v. United States, 352 U.S. 354, 361, 77 S.Ct. 481, 1 L.Ed.2d 393 (1957). Furthermore, in a case such as this in which defendant intended to plead guilty—where the sentence for the offense was unlikely to be shorter than the total delay and where defendant was entitled to credit for presentence incarceration—we would rarely expect to find any prejudice. *Cf.* Smith v. Hooey, 393 U.S. 374, 378–380, 89 S.Ct. 575, 21 L.Ed.2d 607 (1969). Finally, although "Fed.R.Crim.P. 48(b) sets a more exacting standard than the Sixth Amendment * * *, the denial of a motion to dismiss under the Rule, for a delay which falls short of a constitutional defect, will be reversed only on a showing of an abuse of discretion." United States v. Cartano, 420 F.2d 362 (1st Cir.), cert. denied, 397 U.S. 1054, 90 S. Ct. 1398, 25 L.Ed.2d 671 (1970). We find no such abuse here.

Affirmed.