**UNITED STATES of America, Appellee,**

v.

**Marvin T. KARGER, Appellant.**

**No. 7782.**

United States Court of Appeals, First Circuit.

March 29, 1971.

Mitchell Benjoya, Boston, Mass., with whom Joseph S. Oteri and Crane, Inker & Oteri, Boston, Mass., were on brief, for appellant.

Frederick W. Read, III, Atty., Dept. of Justice, with whom Sidney M. Glazer, Atty., and Edward F. Harrington, Sp. Atty., Dept. of Justice, were on brief, for appellee.

Before ALDRICH, Chief Judge, McENTEE and COFFIN, Circuit Judges.

COFFIN, Circuit Judge.

This is an appeal by the defendant following a plea of guilty to an indictment alleging eighteen separate violations of 18 U.S.C. § 2315. That section of the Criminal Code imposes a sentence of up to ten years imprisonment for knowingly pledging as collateral for a loan stolen securities of at least $500 in value, which have moved through interstate commerce. Defendant changed his plea to guilty after unsuccessfully raising in pre-trial motions the three issues he now raises on appeal. Before we consider the merits of these issues, we must first determine whether defendant's plea of guilty waived his right to appeal these decisions.

We have recently addressed ourselves to the issue of what claims are waived by a guilty plea. United States v. DeCosta, 435 F.2d 630, 632 (1st Cir. 1970); United States v. Webb, 433 F.2d 400, 403 (1st Cir. 1970). While we have indicated reluctance to hold that a guilty plea waives all claims, we have ruled that a guilty plea waives claims directly related to the determination of guilt or innocence, such as the privilege against self incrimination, the right to a jury trial, and the right to confront accusers. The three issues raised on this appeal either fall within this category of claims or are otherwise of no merit.

Defendant claims first that he was denied a preliminary hearing. After he was originally charged with the crimes to which he eventually pleaded guilty, the government moved for dismissal on the very day for which the hearing was scheduled and then proceeded against defendant by indictment. Defendant claims he was thus deprived of his right to a preliminary hearing, citing the cases of Blue v. United States, 119 U.S.App.D.C. 315, 342 F.2d 894 (1964), cert denied, 380 U.S. 944, 85 S.Ct. 1029, 13 L.Ed.2d 964 (1965); Ross v. Sirica, 127 U.S.App.D.C. 10, 380 F.2d 557 (1967). These cases, which as far as we know have not been followed in any other circuit, are troublesome. But even assuming that we followed these cases and that they required all criminal defendants to be given preliminary hearings, we cannot see how a defendant who pleads guilty can

later complain of a denial of a preliminary hearing. The District of Columbia cases pointed out two interests that criminal defendants have in a preliminary hearing: the opportunity to demonstrate at an early stage in the criminal process that the government lacked probable cause to hold the defendant and the opportunity to discover the government's case. A plea of guilty necessarily admits that the government had probable cause, and a defendant who chooses not to put the government to its proof cannot complain that the absence of a preliminary hearing denied him the opportunity more effectively to combat that proof.*

██ Defendant claims secondly that the statute under which he was convicted, 18 U.S.C. § 2315, is unconstitutional because courts have permitted juries to presume or infer knowledge of the stolen nature and interstate character from possession of recently stolen securities. This presumption, he claims, is unconstitutional under the doctrine of Leary v. United States, 395 U.S. 6, 89 S.Ct. 1532, 23 L.Ed.2d 57 (1969). Although we see the presumption based on possession of stolen goods as qualitatively different from the presumption struck down in *Leary*, it is sufficient to note that this is an evidentiary question which defendant has waived along with his right to trial. Not having gone to trial, defendant cannot claim to have been prejudiced by a presumption that was never used. The government may have been able to come forward with direct proof that defendant knew the securities were stolen and that they had moved in interstate commerce. The trial judge might not have charged the jury to consider the presumption. Defendant raises only a hypothetical claim, and we do not decide hypothetical cases.

██ Defendant's final claim is that the eighteen count indictment is "multi-

plicitous". He says that there were less than eighteen transactions and that the government split at least one transaction into two counts. Once again defendant's claim is mere supposition. Because two of the eighteen counts refer to transactions that occurred on the same date, the defendant says the government must be referring to the same transaction in each count. But the record at the time of sentencing reveals that the government was alleging that defendant used stolen securities as collateral for eighteen separate loans. Although two loans were negotiated on the same day, the government claimed they were separate transactions involving two different securities. The indictment did not therefore split single transactions into multiple counts. We are not impressed by defendant's contention that since he was engaged in a single, though grand, scheme to defraud, he was guilty of but one offense.

Affirmed.

---

* At argument, defendant claimed that Coleman v. Alabama, 399 U.S. 1, 90 S.Ct. 1999, 26 L.Ed.2d 387 (1970), requires that a preliminary hearing be held. *Coleman* says that a defendant has a right to

counsel when a preliminary hearing is held, but it does not require that a preliminary hearing be held in every case. 399 U.S. at 8, 90 S.Ct. 1999.