Angel L. LEBRON–ROSARIO,
Petitioner, Appellant,

v.

UNITED STATES of America,
Respondent, Appellee.

No. 73–1032.

United States Court of Appeals,
First Circuit.

Argued Feb. 5, 1974.

Decided March 13, 1974.

---

Horacio R. Subira Hijo, Santurce, P. R., by appointment of the Court, for appellant.

Jorge Rios Torres, Asst. U. S. Atty., with whom Julio Morales Sanchez, U. S. Atty., was on brief, for appellee.

Before COFFIN, Chief Judge, McENTEE and CAMPBELL, Circuit Judges.

McENTEE, Circuit Judge.

On September 13, 1968, petitioner was indicted on six counts charging violations of various narcotics statutes. He initially pleaded not guilty to all counts. On January 17, 1969, upon advice of counsel and after apparent plea-bargaining, petitioner pleaded guilty to two of the counts, each charging that on specified dates he purchased quantities of cocaine not in or from their original stamped package, in violation of former 26 U.S.C. § 4704(a) (1964).[1] Upon the government's motion, the other four counts were dismissed. Before accepting petitioner's guilty pleas on the two § 4704(a) counts, the court complied with Fed.R.Crim.P. 11 by questioning appellant as to the voluntariness of his pleas and his understanding of the consequences. The court also asked petitioner if he was in fact guilty of the crimes alleged in these two counts. Petitioner

responded affirmatively to all of these inquiries. He was then sentenced on April 3, 1969, to four years' imprisonment on each count, the sentences to run concurrently.

Former § 4704(a) made unlawful the purchase, sale, dispensing or distributing of narcotic drugs not in or from the original stamped package. This section also provided that "the absence of appropriate taxpaid stamps from narcotic drugs shall be prima facie evidence of a violation of this subsection by the person in whose possession the same may be found." In Turner v. United States, 396 U.S. 398, 90 S.Ct. 642, 24 L.Ed.2d 610 (1970), the Supreme Court held that when the narcotic drug in question was cocaine the "prima facie evidence" provision in § 4704(a) constituted an invalid presumption because of the reasonable possibility that a possessor of cocaine lacking the appropriate stamps had obtained possession in some way other than by purchase.[2] Id. at 423–424, 90 S.Ct. 642. Consequently, the Court reversed the jury's conviction for violation of § 4704(a) as not supported by sufficient evidence, where the government had presented evidence at trial showing only that the defendant possessed cocaine lacking the appropriate stamps and the trial court had instructed the jury in terms of the statutory presumption. Id. at 424, 90 S.Ct. 642.

On November 1, 1971, petitioner filed a *pro se* motion to vacate his sentence pursuant to 28 U.S.C. § 2255 (1970), contending in effect that his guilty pleas, entered prior to the Turner decision, had been involuntary because at the time he expected that if his case came to trial the government would rely upon the statutory presumption later

1. Section 4704(a) was repealed and replaced by the Comprehensive Drug Abuse Prevention and Control Act of 1970, Pub.L. 91–513, tit. III, § 1101, 84 Stat. 1292 (codified at 21 U.S.C. § 801 et seq. (1970)).

2. The Court said that a possessor of cocaine could also have stolen it or obtained it from another party who stole it. 396 U.S. at 423–424, 90 S.Ct. 642. It reached this con-

clusion after reviewing a sizable amount of factual material on the manufacture and distribution of various narcotic drugs. In contrast to the holding on cocaine, the Turner Court also held that the presumption in § 4704(a) was valid when the narcotic drug in question was heroin, finding from its factual review that most heroin users may be presumed to purchase what they use. Id. at 421–422, 90 S.Ct. 642.

held to be invalid.[3] The district court denied the motion. We affirm.

 This court has already held that *Turner* applies retroactively to § 4704(a) convictions in prior jury trials. Martone v. United States, 435 F.2d 609 (1st Cir. 1970). However, the instant case, unlike both *Turner* and *Martone*, does not involve conviction after a jury trial in which the government actually relied upon the invalid statutory presumption. Here the petitioner pleaded guilty prior to trial and the government was never put to its proof. Other than petitioner's unsupported speculation, we have no way of knowing whether the government in this case would have relied on the presumption.

In McMann v. Richardson, 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970), the Supreme Court considered a similar situation. There, three New York prisoners sought habeas corpus claiming that their guilty pleas were involuntary because they believed that allegedly coerced confessions would be introduced into evidence against them if their cases had gone to trial. After their pleas, the Supreme Court held in Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964), that New York's system of allowing the jury to determine the voluntariness of confessions was unconstitutional. The *McMann* Court rejected the claim that the pre-*Jackson* guilty pleas were involuntary, holding, *inter alia*, that a guilty plea based on reasonably competent advice is an intelligent plea not open to attack on the ground that counsel may have misjudged the admissibility of the defendant's confession. 397 U.S. at 770, 90 S.Ct. at 1441. "Whether a plea of guilty is unintelligent and therefore vulnerable when motivated by a confession erroneously thought admissible in evidence depends as an initial matter, not on whether a court would retrospectively consider counsel's advice to be right or wrong, but on whether that advice was within the range of competence demanded of attorneys in criminal cases." *Id.* at 770–771, 90 S.Ct. at 1449; *accord,* Brady v. United States, 397 U.S. 742, 757, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970).

Given this standard, we cannot say that the failure of petitioner's attorney to predict the *Turner* decision and on that basis advise his client to plead not guilty constituted advice beyond the range of competence demanded of attorneys. This is particularly true because of the plea-bargaining aspect of this case. Even after *Turner*, petitioner might have wisely pleaded guilty on the § 4704(a) counts to avoid prosecution on the other four counts. If anything, the *McMann* case was a stronger one for petitioners than the instant case. In *McMann*, the alleged government error —coerced confessions—had already occurred before the entry of the guilty pleas. In the instant case, it is entirely possible that no error at all would have occurred if petitioner's case had gone to trial.

Moreover, this court has considered and rejected a claim quite similar to petitioner's in United States v. Karger, 439 F.2d 1108 (1st Cir.), cert. denied, 403 U.S. 919, 91 S.Ct. 2230, 29 L.Ed.2d 696 (1971) (defendant who pleads guilty cannot challenge presumption in 18 U.S. C. § 2315). *See also* Morales-Guarjardo v. United States, 440 F.2d 775 (5th Cir. 1971) (dealing with another presumption held invalid in *Turner*).

In arguing to the contrary, petitioner relies on United States v. Liguori, 430 F.2d 842 (2d Cir. 1970), cert. denied, 402 U.S. 948, 91 S.Ct. 1614, 29 L.Ed.2d 118 (1971). However, as the district court concluded, that case is inapposite.

---

3. In its brief, the government cites material indicating that petitioner was released from custody on March 24, 1972. If so, his motion to vacate sentence can still be treated as a petition for writ of error coram nobis.

Wallace v. United States, 457 F.2d 547 (9th Cir. 1972) (per curiam) ; *cf.* United States v. Nickerson, 124 F.Supp. 35, 37 (D.Mass. 1954).

In *Liguori,* the court vacated a conviction upon a guilty plea because of the Supreme Court's holding in Leary v. United States, 395 U.S. 6, 89 S.Ct. 1532, 23 L.Ed.2d 57 (1969), that a timely assertion of the privilege against self-incrimination is a *complete defense* to prosecution under former 26 U.S.C. § 4744(a) (1964) (rendering unlawful the possession of marijuana without payment of requisite transfer tax). The *Liguori* court emphasized that the issue it was considering was not whether the guilty plea was voluntary, but whether in so pleading defendant intended to waive the complete defense to the prosecution later established in *Leary.* 430 F.2d at 848–849 (distinguishing *Mc-Mann*). In contrast, the only issue in the instant case is the voluntariness of petitioner's guilty plea. The standards established in *McMann* are controlling.

Affirmed.