**UNITED STATES of America, Plaintiff-Appellee,**

v.

**William Leon NOONER, Defendant-Appellant.**

**No. 76–1468.**

United States Court of Appeals, Tenth Circuit.

Argued May 20, 1977.

Decided June 13, 1977.

Rehearing Denied Aug. 2, 1977.

Richard A. Pyle, U. S. Atty., Muskogee, Okl. (Robert D. McDonald, Asst. U. S. Atty., Muskogee, Okl., on the brief), for plaintiff-appellee.

Leonard D. Munker, Federal Public Defender, Kansas City, Kan., for defendant-appellant.

Before SETH, McWILLIAMS and BARRETT, Circuit Judges.

McWILLIAMS, Circuit Judge.

William Leon Nooner was charged with the interstate transportation of three firearms in violation of 18 U.S.C. §§ 922(g)(1) and 924(a). The three weapons, namely, two revolvers and a semi-automatic pistol, were found in a search of the trunk of Nooner's car by two Oklahoma state highway patrolmen. Nooner was suspected of having stolen merchandise in the trunk of his car, and the search of the trunk revealed the firearms.

Nooner, through his court-appointed counsel, filed a motion to suppress the use at trial of the three firearms on the ground

that such had been seized in an unlawful search of his automobile. Nooner and the two arresting officers testified at length at the hearing on the motion to suppress. Based on conflicting testimony, the trial court found that there was probable cause for the officers to believe that Nooner had stolen merchandise in the trunk of his car and that the officers were therefore justified in searching the trunk. The trial court further found that in any event Nooner consented to the search. Accordingly, the trial court denied the motion to suppress.

Nooner later entered a plea of guilty and was sentenced to five years imprisonment. Nooner now appeals the judgment and sentence thus entered, and the only ground urged for reversal is the alleged error of the trial court in denying his motion to suppress. We conclude that by his subsequent plea of guilty Nooner is now foreclosed from a review of the trial court's earlier order denying the motion to suppress.

In *Tollett v. Henderson,* 411 U.S. 258, 267, 93 S.Ct. 1602, 1608, 36 L.Ed.2d 235 (1973), the Supreme Court, reaffirming the trilogy of cases *Brady v. United States,* 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970); *McMann v. Richardson,* 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970); and *Parker v. North Carolina,* 397 U.S. 790, 90 S.Ct. 1458, 25 L.Ed.2d 785 (1970), declared as follows:

> [A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards set forth in *McMann* [*supra*].

This Court has itself on many occasions held that a voluntary plea of guilty is a waiver of all non-jurisdictional defenses.

See, for example, *Atkins v. State,* 386 F.2d 819 (10th Cir. 1967) and *Kagen v. United States,* 360 F.2d 30 (10th Cir. 1966). Indeed *United States v. Soltow,* 444 F.2d 59 (10th Cir. 1971) is quite comparable to the instant case. In *Soltow* we held that a voluntary plea of guilty forecloses a defendant's right to object to the manner in which he was arrested or the manner in which the evidence may have been obtained against him. Nooner makes no claim that his plea of guilty was not voluntary.

Present counsel for Nooner, who was not Nooner's counsel in the trial court, seeks to escape the general rule that a voluntary plea of guilty waives all non-jurisdictional defenses by suggesting that the plea of guilty was conditioned upon an understanding that despite his plea of guilty, he could still challenge on appeal the correctness of the trial court's earlier denial of his motion to suppress. The record before us does not indicate that there was any such understanding. And there is language in *Roeth v. United States,* 382 F.2d 96 (10th Cir. 1967), *cert. denied,* 390 U.S. 1016, 88 S.Ct. 1267, 20 L.Ed.2d 165 (1968), which indicates that this Court would look with disfavor upon any such qualified or conditional plea of guilty.

By holding that because of his plea of guilty Nooner has waived his right to further object to the search of his automobile, we would not want Nooner to conclude that but for his waiver of the matter, his conviction would otherwise have been reversed. Such is not the case. Indeed, although we need not, and do not, pass upon the lawfulness of the search of Nooner's automobile, it would appear that the trial court's findings of probable cause and consent are supported by the record.

The judgment of conviction and the sentence imposed thereon are accordingly affirmed.