**Dennis Ray LUDOLPH, Plaintiff,**

v.

**Jim WRIGHT; Charlie Bramble; Chuck Jackson; Pat Butler; Kevin Gessler; Terry Crawford; Dave Black; and Terry Quinn, Defendants.**

**Civ. A. No. 92–72–E.**

United States District Court,
N.D. West Virginia.

May 28, 1992.

Dennis Ray Ludolph, pro se.

William A. Kolibash, U.S. Atty., Wheeling, W. Va., for defendants.

## ORDER

MAXWELL, Chief Judge.

Plaintiff instituted the above-styled civil action *pro se* on May 27, 1992. A review of the Complaint demonstrates that jurisdiction is premised upon 42 U.S.C. § 1983, 28 U.S.C. § 1343, and the doctrine of *Bivens v. Six Unknown Named Agents,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). Plaintiff seeks leave from the Court to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. In light of the disposition of this matter, it is

ORDERED that Plaintiff be allowed to proceed in this civil action *in forma pauperis.*

Plaintiff alleges that in November 1990, he contacted Defendant Quinn to obtain some "pills" for pain resulting from recent back surgery. Plaintiff states that his physician refused to prescribe appropriate medication due to Plaintiff's prior drug addiction. Unbeknownst to Plaintiff, Defendant Quinn was a confidential police infor-

mant. Defendant Quinn introduced Plaintiff to Defendant Jackson, an officer with the West Virginia Department of Public Safety. Plaintiff claims that although he requested to purchase only 50 to 100 pills, Defendants Quinn and Jackson offered to sell him a large quantity, which they claimed to have acquired by robbing a pharmacy. Plaintiff contends that these Defendants suggested he sell the surplus pills. After the passage of several days, during which time Defendants Quinn and Jackson repeatedly lowered the requested price while still insisting that Plaintiff purchase a large quantity, Plaintiff apparently purchased a quantity of the pills.

Upon purchasing the pills, Plaintiff claims Defendant Jackson identified himself as a law enforcement officer and, with the aid of unnamed officers, conducted a thorough search of Plaintiff's home. Plaintiff alleges that Defendant Jackson, instead of arresting Plaintiff, requested that he become an informant. Subsequently, Defendant Jackson apparently contacted Plaintiff's employer, with the result that Plaintiff was terminated from his employment. Plaintiff contends that numerous parties bribed two men to make incriminating statements concerning Plaintiff. Although he claims that he was never arrested or charged with a crime stemming from his purchase, Plaintiff states that the bribed testimony led to an indictment against him, a result of which he pled guilty to two unspecified felonies. The Complaint states no specific actions by any other named Defendant.

Plaintiff now seeks damages as a result of what he claims is police misconduct in conducting a sting operation such as the one detailed above. He claims that he was entrapped by Defendants Quinn and Jackson. Finally, he seeks damages resulting from the slanderous statements by Defendants to his employer.

■ The Court interprets the Complaint as seeking recovery on the basis of an investigation by law enforcement personnel which resulted in the successful prosecution of Plaintiff, through a plea bargain, for drug offenses. Entrapment is a legal

defense, which Plaintiff should have presented before a jury to contest the charges in the indictment. A guilty plea largely precludes subsequent challenge to the basis of the plea. It serves as an admission by a defendant of the material elements necessary for a conviction. *See McCarthy v. United States*, 394 U.S. 459, 466, 89 S.Ct. 1166, 1170, 22 L.Ed.2d 418 (1969); *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). It has been stated:

> When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, *he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.* He may only attack the voluntary and intelligent character of the guilty plea....

*Tollett v. Henderson*, 411 U.S. 258, 267, 93 S.Ct. 1602, 1608, 36 L.Ed.2d 235 (1973) (emphasis added). This principal has been applied in cases involving allegedly unconstitutional grand jury composition, statutes, denial of a preliminary hearing, and compulsory self-incrimination. *See Id.* (grand jury selection allegedly excluded blacks); *Hall v. McKenzie*, 575 F.2d 481 (4th Cir. 1978) (challenging the constitutionality of statute under which petitioner was charged); *United States v. Karger*, 439 F.2d 1108 (1st Cir.), *cert. denied*, 403 U.S. 919, 91 S.Ct. 2230, 29 L.Ed.2d 696 (1971) (alleged denial of preliminary hearing); *McMann v. Richardson*, 397 U.S. 759, 769–71, 90 S.Ct. 1441, 1448–49, 25 L.Ed.2d 763 (1970) (competently counseled prisoner cannot subsequently challenge the voluntariness of a confession after a voluntary, knowing guilty plea).

■ While the cases explained above were decided in a context different from the present civil action, the Court is absolutely convinced that the principle expounded by these decisions still applies. A criminal defendant who pleads guilty, such as Plaintiff, may not subsequently challenge the constitutionality of the factual predicate to the plea. Because the investigation and sale furnished the underlying factual basis of Plaintiff's guilty plea and of this action, Plaintiff cannot now contest the legality of that which he has already admitted was legal. *Cramer v. Crutchfield*, 648 F.2d 943 (4th Cir.1981) (arrest resulting in conviction does not support a claim of a violation of constitutional rights).

■ To the extent Plaintiff seeks recovery for the allegedly slanderous statements made by Defendants to his employer, neither § 1983 nor *Bivens* furnishes a basis for recovery based on state tort law. *See Paul v. Davis*, 424 U.S. 693, 96 S.Ct. 1155, 47 L.Ed.2d 405 (1976) (defamatory statement, by itself, does not constitute a violation of a constitutionally protected right). While the *Paul* decision noted that defamation coupled with the loss of *government* employment may implicate due process claims, *id.* at 706, 96 S.Ct. at 1163 (discussing, among other cases, *Board of Regents v. Roth*, 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972), and *Joint Anti–Fascist Refugee Comm. v. McGrath*, 341 U.S. 123, 71 S.Ct. 624, 95 L.Ed. 817 (1951), the present action does not involve the same issues. There exists no constitutional right to specific, private employment. Inasmuch as a violation of state law does not furnish a basis for a claim of violation of due process, Plaintiff cannot recover pursuant to § 1983 or *Bivens* on the basis of the statements. *Weller v. Department of Social Services*, 901 F.2d 387, 392 (4th Cir.1990).

Upon an examination of the allegations contained in Plaintiff's Complaint, the Court is convinced that the claims presented by Plaintiff are legally and factually frivolous within the meaning of 28 U.S.C. § 1915(d). *See Denton v. Hernandez*, —— U.S. ——, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992); *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). Therefore, it is

ORDERED that the above-styled civil action be, and the same is hereby, DISMISSED with prejudice and STRICKEN from the docket of this Court.

If Plaintiff should desire to appeal the decision of this Court, written notice of

appeal must be received by the Clerk of this Court within thirty (30) days from the date of the entry of the Judgment Order, pursuant to Rule 4, Federal Rules of Appellate Procedure. The $5.00 filing fee for the notice of appeal and the $100.00 docketing fee should also be submitted with the notice of appeal. In the alternative, at the time the notice of appeal is submitted, Plaintiff may, in accordance with the provisions of Rule 24(a), Federal Rules of Appellate Procedure, seek leave to proceed *in forma pauperis* from the United States Court of Appeals for the Fourth Circuit.