993 F.2d 1552
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
John Howard OHLS, Defendant-Appellant.
 No. 92-2015.
 United States Court of Appeals, Tenth Circuit.
 May 21, 1993.
 
 Before McKAY, TACHA, Circuit Judges, and KANE,* Senior District Judge.
 ORDER AND JUDGMENT**
 TACHA, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 John Ohls pleaded guilty to one count of possession with intent to distribute ten grams or more of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B) and one count of carrying or using a firearm in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1). The district court sentenced him to the statutory minimum of five years imprisonment and four years supervised release on the first count, and to the statutorily mandated consecutive sentence of five years imprisonment on the second count. Mr. Ohls now challenges both his conviction and his sentence. We affirm.
 
 
 3
 Ohls first challenges his conviction on the ground that his plea of guilty was involuntary because the advice of his counsel was rendered ineffective when the prosecutor told counsel that Ohls's sentence on the first count would be based on a criminal history category of I under the United States Sentencing Guidelines. The district court ultimately determined the criminal history category to be II. Although the district court made no fact findings regarding the ineffective assistance claim, we reject the claim because it fails as a matter of law. Whether Mr. Ohls was entitled to a criminal history category of I or II was irrelevant because the court sentenced him to the statutory minimum. His counsel knew, or should have known, that he faced this minimum sentence if he pleaded guilty, regardless of the appropriate Guidelines range. If Ohls has a claim for ineffective assistance, it does not grow out of the facts he alleges here.
 
 
 4
 Mr. Ohls next argues that his sentence on the first count was improper because it resulted from an incorrect application of the Guidelines. Once again, because the court sentenced him to the statutory minimum on both counts, his arguments regarding the application of the Guidelines are irrelevant.
 
 
 5
 Finally, Mr. Ohls challenges the district court's denial of his motion to suppress. We are without jurisdiction to address this challenge because he failed to enter a conditional guilty plea. United States v. Nooner, 565 F.2d 633, 634 (10th Cir.1977). Although we will not apply this rule when the plea is involuntary as the result of ineffective assistance of counsel, see id., we have already rejected the ineffective assistance claim before us.
 
 
 6
 The conviction and sentence are AFFIRMED. The mandate shall issue forthwith.
 
 
 
 *
 The Honorable John L. Kane, Jr., Senior District Judge, United States District Court for the District of Colorado, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3