**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 8 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

CHARLES RUSSELL STEELE,

Defendant-Appellant.

No. 01-7061
(Eastern District of Oklahoma)
(D.C. No. 00-CR-61-S)

**ORDER AND JUDGMENT**[*]

Before **HENRY**, **BRISCOE**, and **MURPHY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

A federal grand jury returned an indictment which charged Charles Russell Steele with numerous violations of federal law.[1]  Steele eventually filed two motions to suppress, one seeking to suppress evidence obtained via the execution of warrant-based searches and the other seeking to suppress statements made during a custodial interrogation.  After an evidentiary hearing, the district court orally denied Steele's motions to suppress and indicated that a written order would be forthcoming.  Before the district court could issue its written order, however, Steele pleaded guilty to Counts One, Six, and Ten of the indictment.  Pursuant to the plea agreement reached by Steele and the United States, the district court sentenced Steele to a term of imprisonment of 156 months.  Steele now appeals, contending that the district court erred in denying his motions to suppress.  This court exercises jurisdiction pursuant to 28 U.S.C. § 1291 and **affirms**.

---

[1]The indictment included the following charges: (1) conspiracy to distribute and to possess with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 841(b)(1)(A)(viii) and 846 (Count One); (2) possession of methamphetamine with intent to distribute in violation of 21 U.S.C. § 841(a)(1) (Counts Two, Three, and Five); (3) possession of a firearm during the commission of a drug trafficking crime in violation of 18 U.S.C. § 924(c) (Count Six); (4) possession of a firearm by a felon in violation of 18 U.S.C. § 922(g) (Count Seven); and (5) possession of marihuana in violation of 18 U.S.C. § 844 (Count Eight).  The indictment also sought the criminal forfeiture, under 21 U.S.C. § 853, of two pieces of real property owned by Steele (Counts Nine and Ten).

Steele's appellate brief argues on the merits that the district court erred in denying his motions to suppress.[2]  Steele neglects to mention in his brief, however, that his guilty plea was unconditional.  The law in this circuit is absolutely clear; an unconditional guilty plea is a waiver of all nonjurisdictional defenses.  *See United States v. Kunzman*, 125 F.3d 1363, 1365 (10th Cir. 1997); *United States v. Nooner*, 565 F.2d 633, 634 (10th Cir. 1977).  This waiver applies with equal force to a district court's denial of motions to suppress.  *See Nooner*, 565 F.2d at 634.  The Supreme Court has explained the basis of the waiver rule in the following terms:

> a guilty plea represents a break in the chain of events which has preceded it in the criminal process.  When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.  He may only attack the voluntary and intelligent character of the guilty plea by showing

---

[2]This court admonishes Steele's counsel for incorporating his district court brief by reference rather than presenting his arguments in his brief on appeal.  This court has expressly disapproved that practice because Fed. R. App. P. 28 requires the appellant to set out an argument supported by authorities in his appellate brief.  *See Gaines-Tabb v. ICI Explosives, USA, Inc.*, 160 F.3d 613, 623-24 (10th Cir. 1998).  Not only does the practice unnecessarily increase the court's work while allowing the appellant to skirt the page, word, or line limits that apply to his brief, *see id.* at 624, but the blanket regurgitation of arguments made before the district court is the hallmark of lazy lawyering.  *Cf. Tapia v. Tansy*, 926 F.2d 1554, 1564 (10th Cir. 1991) (noting that the hallmark of effective appellate advocacy is the winnowing out of weaker arguments presented to the district court).

that the advice he received from counsel was not within the standards set forth in [*McMann v. Richardson*, 397 U.S. 759 (1970)].

*Tollett v. Henderson*, 411 U.S. 258, 267 (1973).

Even after the United States filed its response brief noting that Steele had entered an unconditional guilty plea and further noting that Steele had failed to bring the matter to the court's attention, Steele did not file a reply brief addressing the question. Nevertheless, this court has conducted an independent review of the plea agreement, along with the transcript of the change of plea hearing, and agrees with the United States that Steele's plea was clearly unconditional. Furthermore, Steele has not contended that he did not voluntarily and knowingly enter his guilty plea. In fact, in the plea agreement, Steele acknowledged as follows:

> I have read this agreement and carefully reviewed every part of it with my attorney. I fully understand it and I voluntarily agree to it without reservation. No promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this plea agreement. I do this of my own free will. No threats have been made to me, nor am I under the influence of anything that could impede my ability to fully understand this agreement.

Steele reiterated at the change of plea hearing that his guilty plea was entered voluntarily and completely of his own free will.

Because Steele voluntarily and unconditionally pleaded guilty to Counts One, Six, and Ten of the indictment, he has waived his right to appeal the district

court's denial of his motions to suppress. *See Nooner*, 565 F.2d at 634. The judgment of conviction and the sentence imposed by the United States District Court for the Eastern District of Oklahoma are therefore **AFFIRMED**.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge