UNITED STATES of America,
Plaintiff–Appellee,

v.

Augustine OLIVAS, Defendant–
Appellant.

No. 01–1387.

United States Court of Appeals,
Tenth Circuit.

July 23, 2002.

Before SEYMOUR, HENRY, and
BRISCOE, Circuit Judges.

## ORDER AND JUDGMENT *

SEYMOUR, Circuit Judge.

Augustine Olivas was indicted as part of a multi-defendant drug conspiracy. Much of the evidence supporting the indictment was based upon a series of wiretaps. Mr. Olivas filed motions to suppress the results of the wiretaps. The district court denied the motions. Mr. Olivas subsequently pled guilty pursuant to a plea agreement to violating 21 U.S.C. §§ 846 and 841(a)(1) & (b)(1)(A). He was sentenced to 151 months in prison. Mr. Olivas' counsel filed a brief pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and moved for leave to withdraw as counsel. For the reasons set out below, we grant counsel's motion to withdraw and dismiss the appeal.

*Anders* holds that if counsel finds a case to be wholly frivolous after conscientious examination, he may so advise the court and request permission to withdraw. Counsel must also submit to both the court and his client a brief referring to anything in the record arguably supportive of the appeal. The client may then raise any point he chooses, and the court thereafter undertakes a complete examination of all proceedings and decides whether the appeal is in fact frivolous. If it so finds, it may grant counsel's request to withdraw and dismiss the appeal. *See id.* at 744. Counsel has provided Mr. Olivas with a copy of his appellate brief and Mr. Olivas has chosen not to file additional material with this court.

In his *Anders* brief, counsel identified only one potentially appealable issue for

---

* After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R.App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, or collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

our consideration, whether the district court erred in denying Mr. Olivas' motions to suppress the results of the wiretaps. However, this issue is disposed of by the rule that a guilty plea waives all non-jurisdictional defenses occurring prior to entry of the plea. *See Tollett v. Henderson,* 411 U.S. 258, 266, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973); *United States v. Dwyer,* 245 F.3d 1168, 1170 (10th Cir. 2001). Suppression issues are not jurisdictional and an unconditional guilty plea forecloses a defendant from obtaining review of a district court's order denying his motion to suppress. *See United States v. Nooner,* 565 F.2d 633, 634 (10th Cir.1977) (*citing Tollett,* 411 U.S. at 267).

After careful review of the entire proceedings, we conclude that the record establishes no ground for appeal. We have found nothing in the record to indicate that Mr. Olivas' guilty plea was not knowing and voluntary, nor do we discern any error in the district court's denial of Mr. Olivas' motion to suppress. We **GRANT** counsel's request to withdraw and we **DISMISS** the appeal.