**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Duvalier Antonio DAVIS,
Defendant–Appellant.**

No. 89–1086.

United States Court of Appeals,
Tenth Circuit.

April 16, 1990.

Rehearing Denied May 23, 1990.

William D. Welch, Asst. U.S. Atty. (Michael J. Norton, U.S. Atty. and Kathryn Meyer, Asst. U.S. Atty., with him on the brief), Denver, Colo., for plaintiff-appellee.

Philip A. Cherner of Stayton & Brennan, Denver, Colo., for defendant-appellant.

Before McKAY, ANDERSON, and BRORBY, Circuit Judges.

BRORBY, Circuit Judge.

Duvalier Antonio Davis appeals the judgment and sentence entered against him following his plea of guilty to possession with intent to distribute a schedule II controlled substance, crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A). Vol. I tab 28. On appeal, Davis argues: (1) the trial court abused its discretion in refusing to permit a conditional plea; (2) the trial court erred in denying the defendant's motion to suppress evidence; and (3) the trial court abused its discretion by refusing to depart from the sentencing guidelines. Appellant's Brief at i. We affirm.

## BACKGROUND

On November 18, 1988 a federal grand jury in Denver, Colorado indicted Davis on three counts: (I) possession with intent to distribute more than 50 grams of crack (a mixture or substance containing cocaine base) in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(iii); (II) employing or using a person under the age of 18 years of age to aid and abet the possession with intent to distribute more than 50 grams of crack in violation of 21 U.S.C. §§ 845b(a)(1) and 845b(b); and (III) distribution of cocaine in violation of 21 U.S.C. § 841(a)(1). Vol. I, tab 1. Davis initially pleaded not guilty to the charges, Vol. I tab 2 and filed three motions to suppress evidence. Vol. I tabs 5, 8, and 9. After an evidentiary hearing, the trial court denied those motions. Vol. II at 59.

Thereafter, Davis negotiated a plea agreement with the government. Under the agreement, Davis agreed to enter a conditional guilty plea to Count I of the indictment, reserving his right to appeal the court's pretrial orders pursuant to Fed. R.Crim.P. 11(a)(2). In exchange for the guilty plea, the government agreed to dismiss Counts II and III of the indictment. Vol. I tab, 14. The trial court, however, refused to accept Davis' conditional guilty plea. Vol. IV at 6. On February 1, 1989, Davis pleaded guilty to Count I of the indictment without any qualifications, and the government dismissed the remaining two counts of the indictment. Vol. IV at 8, 13. The court subsequently imposed a sentence of 135 months of incarceration, a five year supervised release, and a fifty-dollar assessment. Vol. I, tab 28, Vol. VI at 38. The sentence was within the applicable guideline range.

## EFFECT OF THE GUILTY PLEA

■ Davis argues the trial court erred in denying two of the three motions to suppress evidence. Appellant's Brief at 10. In response, the government argues that because Davis pleaded guilty, the trial court's rulings on the suppression motions are nonreviewable. Appellee's Brief at 7. Further, the government argues that Davis' guilty plea precludes appellate review of the trial court's refusal to accept the conditional plea. We agree with the government.

■ By entering a voluntary [1] plea of guilty, Davis waived all nonjurisdictional

---

1. Davis does not contest the fact that his guilty plea was voluntary. The record indicates the trial court painstakingly assured the propriety of the guilty plea. After the court exercised its prerogative and refused to accept the conditional plea, the court recessed to enable Davis to

defenses. *United States v. Nooner*, 565 F.2d 633, 634 (10th Cir.1977). The plea of guilty in *Nooner* foreclosed from review the trial court's earlier order denying the motion to suppress. *Id. Nooner* applied Supreme Court precedent as follows:

> In *Tollett v. Henderson*, 411 U.S. 258, 267, 93 S.Ct. 1602, 1608, 36 L.Ed.2d 235 (1973), the Supreme Court, reaffirming the trilogy of cases *Brady v. United States*, 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970); *McMann v. Richardson*, 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970); and *Parker v. North Carolina*, 397 U.S. 790, 90 S.Ct. 1458, 25 L.Ed.2d 785 (1970), declared as follows:
>
> > [A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards set forth in *McMann* [*supra*].

confer privately with counsel. Vol. IV at 7. When court reconvened, Davis responded to the court that he would plead guilty:

> THE COURT: Mr. Davis, in regard to your desire to appeal the Court's pretrial orders, what are your wishes in that regard now, please?
>
> MR. DAVIS: I will plead guilty.
>
> THE COURT: Without any qualifications; is that correct?
>
> MR. DAVIS: That's correct, your Honor.

Vol. IV at 7–8. Defense counsel then withdrew the motions to suppress:

> THE COURT: ... Mr. Elliott, on behalf of Mr. Davis, I take it you are withdrawing with prejudice those motions that have been filed previously, and the Court has ruled on; is that correct, please?
>
> MR. ELLIOTT: That is correct, your Honor. Likewise we would ask the Court to delete paragraph D [regarding the conditional plea] of the plea agreement, which is what the government consented to.
>
> THE COURT: Is this agreeable to you, Mr. Davis?

*Id.; See also, United States v. Huff*, 873 F.2d 709, 712 (3rd Cir.1989) (challenge to voluntariness of statements barred after entry of guilty plea); *United States v. Montilla*, 870 F.2d 549, 552 (9th Cir.1989) ("as a general rule, a guilty plea erases claims of constitutional violation arising before the plea"). Because the effect of the guilty plea was to waive all nonjurisdictional defenses, we need not and do not review the trial court's denial of Davis' suppression motions.

Further, Davis' entry of an unconditional and voluntary guilty plea forecloses review of the court's refusal of the conditional plea. The law affords Davis neither a right to enter a conditional plea nor a right to enter a plea bargain. See *Mabry v. Johnson*, 467 U.S. 504, 510, 104 S.Ct. 2543, 2548, 81 L.Ed.2d 437 (1984) (defendant's "inability to enforce the prosecutor's offer is without constitutional significance"); *Montilla*, 870 F.2d at 553 ("Montilla had no constitutional right to a plea bargain") (citing *United States v. Osif*, 789 F.2d 1404, 1405 (9th Cir.1986)); *Martinez v. Romero*, 626 F.2d 807, 809 (10th Cir.), *cert. denied*, 449 U.S. 1019, 101 S.Ct. 585, 66 L.Ed.2d 481 (1980) (petitioner has "no constitutional right to a plea bargain on his own terms"). We agree with the observation of the Ninth Circuit in *Montilla:* "A forced choice be-

> MR. DAVIS: Yes, your Honor.
>
> THE COURT: The record will so reflect.

Vol. IV at 8. The court advised Davis extensively on his constitutional rights and assured the propriety of the guilty plea before accepting the same. *Id.* at 8–22.

Further, the Court reiterated at the plea hearing that one of the consequences of pleading guilty was the preclusion of appellate review of the suppression rulings. In discussing the Statement of the Defendant in Advance of Plea of Guilty, the court reiterated that by pleading guilty, Davis waived his right to appeal the suppression rulings:

> THE COURT: ... there is some other language there that as a result of the conditional plea pursuant to Rule 11(a)(2), I may appeal the denial [of the] motion to suppress. You are withdrawing that opportunity to appeal that matter; is that correct, please?
>
> MR. DAVIS: That is correct.

*Id.* at 21.

tween asserting a constitutional right at trial and accepting the government's offer, while undoubtedly difficult, is not unconstitutional." 870 F.2d at 553 (citation omitted). While some may find this forced choice harsh, we find it to be lawful and hold that by pleading guilty to Count I of the indictment, Davis foreclosed appellate review of the suppression rulings and also the trial court's refusal to accept the conditional plea.

## CONDITIONAL PLEA

■ Presuming he is entitled to appellate review of the issue, Davis argues the trial court abused its discretion by refusing to permit him to enter a conditional plea. Appellant's Brief at 6.[2] We do not agree. Fed.R.Crim.P. 11(a)(2) provides:

> **Conditional Pleas.** With the approval of the court and the consent of the government, a defendant may enter a conditional plea of guilty or nolo contendere, reserving in writing the right, on appeal from the judgment, to review of the adverse determination of any specified pretrial motion. A defendant who prevails on appeal shall be allowed to withdraw the plea.

Rule 11 "creates no enforceable 'right' to enter a conditional plea." *United States v. Daniel*, 866 F.2d 749, 751 (5th Cir.1989) (quoting *United States v. Fisher*, 772 F.2d 371, 374 (7th Cir.1985)). Rather, the rule vests the trial court with discretion to permit entry of the conditional plea. Neither legislative history[3] nor case law indicates that a criminal defendant is entitled to enter a conditional plea.

**2.** Although by pleading guilty, Davis waived appellate review of this issue, we choose to address the issue of refusal of the conditional plea to further clarify the absolute discretion of the trial judge in accepting or rejecting a tendered conditional plea.

**3.** "The legislative history indicates that the rule was intended primarily to aid courts and prosecutors, rather than defendants." *Daniel*, 866 F.2d at 751 n. 1.

**4.** The challenges mentioned by Davis are as follows: (1) the procedure would encourage a flood of litigation; (2) it tends to negate finality

Davis contends that by adopting Fed.R. Crim.P. 11(a)(2), Congress rejected certain challenges[4] to the rule, and that "it would not be proper for a trial court to reject a conditional plea for any of those reasons alone." Appellant's Brief at 8. Davis further argues that the court's rationale for rejecting the conditional plea "amounted to a blanket prohibition on *all* conditional pleas" and that "failure to exercise discretion is itself an abuse of discretion." Appellant's Brief at 10.

■ Davis' argument is flawed in at least two respects. First, the fact that Congress rejected arguments disapproving of conditional pleas does not mean that Congress implicitly required a court to make findings before refusing or accepting a conditional plea or that Congress thereby restricted the bases by which a district court can deny a conditional plea. Davis is correct in observing that Rule 11(a)(2) does not "state what factors are to be considered by the court in guiding its discretion." Appellant's Brief at 8. The trial court has absolute discretion with regard to accepting or rejecting the conditional plea. The court can refuse to accept a conditional plea for any reason or for no reason.[5]

Second, the trial court's refusal of the conditional plea in this case was not a "blanket prohibition" of the plea. Even though the law does not require an explanation, the trial court stated his reasons for refusing the plea in this case:

> ... I am not going to go ahead and impose a penalty in this case after a presentence report and the Defendant

in the criminal process; (3) it impinges on the effectiveness of appellate review for lack of a full trial record; and; (4) it compels decision of constitutional questions that otherwise might be avoided pursuant to the harmless error doctrine. Appellant's Brief at 7–8.

**5.** This same observation was made in *United States v. Yasak*, 884 F.2d 996, 999 (7th Cir.1989), regarding the assent of the government. The government "can refuse to assent to a conditional plea for any reason or no reason; Rule 11(a)(2) creates no enforceable right to enter a conditional plea." *Id.* (citing *Fisher*, 772 F.2d at 374).

can shop and see what he wants to do, and then take an appeal on the pretrial orders.

The Defendant would have to withdraw unequivocally all motions before the Court accepts the plea. Considering the nature of what was inherent in those motions, I will not entertain a Rule 11 matter, so an interlocutory appeal can be taken up while the Defendant is serving his time....

Vol. IV at 6. Consequently, Davis' argument is not based entirely on fact. Even if the trial court's ruling amounted to a blanket prohibition of all conditional pleas, we are not persuaded that such a judicial outlook would constitute error in any given case. Rule 11(a)(2) provides the court a procedural option to accept a conditional plea. We know of no requirement placed on the court to make findings when accepting or refusing a conditional plea.

## SENTENCING GUIDELINES

█ Finally, Davis argues the court abused its discretion in refusing to depart downward from the guidelines. He contends that because he made an offer of cooperation to the government and because of the disparity in sentencing between cocaine-based substances and powder cocaine, the trial court abused its discretion in refusing to depart downward. Appellant's Brief at 16. "This court reviews sentences imposed under the Sentencing Guidelines according to the statutory standard provided by the Sentencing Reform Act of 1984 and codified at 18 U.S.C. § 3742." *United States v. Smith,* 888 F.2d 720, 723 (10th Cir.1989). Section 3742(e) provides, in relevant part:

(e) Consideration.—Upon review of the record, the court of appeals shall determine whether the sentence—

(1) was imposed in violation of law;

(2) was imposed as a result of an incorrect application of the sentencing guidelines;

(3) is outside the applicable guideline range, and is unreasonable, having regard for—

(A) the factors to be considered in imposing a sentence, as set forth in chapter 227 of this title; and

(B) the reasons for the imposition of the particular sentence, as stated by the district court pursuant to the provisions of section 3553(c); or

(4) was imposed for an offense for which there is no applicable sentencing guideline and is plainly unreasonable.

Because of the language of the statute and the legislative history, we conclude we lack jurisdiction to consider the issue of whether the court abused its discretion in refusing to depart downward from the guidelines.

Davis stipulated that he possessed, with intent to distribute, 166.68 grams of crack. Vol. I, tab 14. Section 2D1.1 of the sentencing guidelines places that quantity of crack at a base offense level of 34. The court gave Davis a two-point downward adjustment for acceptance of responsibility pursuant to § 3E1.1. Vol. I, tab 28. Thus, Davis' total offense level was computed at Level 32. Although the government urged the court to assign a criminal history at Category III (with its attendant guidelines range of 151–188 months), the court found Category II appropriate. Vol. VI at 28–33. Accordingly, the court determined the sentence guideline range was 135 months to 168 months, Vol. VI at 30, and the court imposed a sentence of 135 months.

Rather than argue that the court miscalculated the base offense level or the criminal history category, Davis argues the court erred in failing to view the case from his perspective, Appellant's Brief at 15–18, and in not invoking the catchall provision of § 5K2.0 which permits the court to consider unenumerated factors in mitigation of sentence. Appellant's Brief at 17. Davis presents no argument and the record bears no indication whatsoever that the court's refusal to depart from the guidelines was a violation of law. Rather, he argues the court abused its discretion in refusing to depart downward.

Several other circuits have determined they have no jurisdiction to consider whether a trial court abused its discretion in

refusing to depart from the guidelines. In *United States v. Franz,* 886 F.2d 973, 980 (7th Cir.1989), for example, the Seventh Circuit held that 18 U.S.C. § 3742 does not confer appellate jurisdiction over refusals to depart. *Id.* at 980. In *Franz,* the court wrote:

> A review of the structure of section 3742 as a whole leads us to conclude that Congress did not intend a district court's decision refusing to depart from the guidelines to be appealable. As we have already noted, departures are an integral part of the guideline application process. Thus, a district court's decision *to* depart from the guidelines, no less than a court's decision *refusing* to depart, *could* be characterized as "an incorrect application of the sentencing guidelines" appealable under 18 U.S.C. § 3742(a)(2). However, Congress thought it necessary to include specifically section 3742(a)(3), providing for appellate review of district court decisions to depart *upward* [emphasis added] from the guidelines, within the statute governing appellate jurisdiction. Therefore, if we were to interpret section 3742(a)(2) to allow appeals for departure-related decisions as incorrect applications of the guidelines, we would render section 3742(a)(3) redundant. Because Congress could not have intended such a specific provision to be mere surplusage, we conclude that Congress did not intend for departure-related decisions, including refusals to depart, to be appealable under section 3742(a)(2).

*Id.* at 978.

The *Franz* court also explained that the legislative history supported the position that an appellate court had no jurisdiction to review a district court's decision not to depart from the applicable sentencing guidelines range:

> The Senate Report accompanying the bill that ultimately was adopted as the Sentencing Reform Act makes it clear that not all sentences are to be appealable under section 3742. "This section establishes a *limited practice* of appellate review of sentences in the Federal criminal justice system." S.Rep. No. 225, 98th Cong., 2nd Sess. 149 (1983), *reprinted in* 1984 U.S.Code Cong. & Admin.News 3182, 3332....

*Id.* at 978–79.

Subsequently, the Third Circuit also declined to consider the argument that the district court erred by refusing to impose a sentence below the minimum guideline range when a defendant had cooperated with the government and had been an important witness against two other individuals. It held:

> [W]e do not have jurisdiction to hear the appeal on this issue pursuant to 18 U.S.C.A. § 3742(a)(2).... Since it is a matter left for the district court's discretion to refuse to depart from the Guidelines, and since [the appellant] does not allege that the sentence is an improper application of the Guidelines, nor that it is a violation of the law, we must affirm it.

*United States v. Wickstrom,* 893 F.2d 30, 33 (3d Cir.1989) (citations omitted). *See also United States v. Guerrero,* 894 F.2d 261 (7th Cir.1990) (applying *Franz,* a sentence within the guideline range and not imposed in violation of law, or as a result of an incorrect application of the guidelines should be affirmed); *United States v. Tucker,* 892 F.2d 8, 11 (1st Cir.1989) ("a district court's decision not to depart from the Guidelines is not appealable"); *United States v. Whyte,* 892 F.2d 1170, 1175 n. 14 (3d Cir.1989) (discretionary refusal to depart is nonreviewable, but refusal to depart based upon misperception of statute is appealable); *United States v. Colon,* 884 F.2d 1550, 1554 (2d Cir.) (decision not to depart from the guidelines is "inherently discretionary" and "Congress did not intend to provide appellate review of sentences that are within the Guidelines correctly applied and are not illegal under [specific subsections]"), *cert. denied,* —— U.S. ——, 110 S.Ct. 553, 107 L.Ed.2d 550 (1989). We are persuaded that the other circuits have analyzed the question properly, and we know of no contrary authority.

We therefore join the Third and Seventh Circuits and hold that we do not have jurisdiction to hear an appeal over the trial court's discretionary refusal to depart

downward from the guidelines. In short, when a sentence is within the guideline range and is not imposed in violation of law,[6] or as a result of an incorrect application of the guidelines,[7] then the district court's refusal to exercise its discretion to depart downward from the guideline range is not appealable.

Davis also argues the court abused its discretion in refusing to mitigate the sentence based upon the "gross disparity in sentencing under the guidelines between cocaine base and powder cocaine." Appellant's Brief at 17. Although we have concluded we have no jurisdiction to review this issue, we note that other circuits have considered *constitutional* arguments arising from the disparate treatment of the two substances and have upheld the legality of the guidelines. *See United States v. Buckner,* 894 F.2d 975 (8th Cir.1990) (the "100 to 1 ratio" of cocaine to cocaine base in the guidelines does not violate the due process clause of the Fifth Amendment or the cruel and unusual punishment clause of the Eighth Amendment); *United States v. Cyrus,* 890 F.2d 1245, 1248 (D.C.Cir.1989) (the substantially higher term for cocaine base possession than for possession of untreated cocaine did not violate the Eighth Amendment against cruel and unusual punishment, the distinction between cocaine and cocaine base was not arbitrary and irrational in violation of equal protection, and the distinction was not unconstitutionally vague).

Davis does not argue and the record does not indicate that the court's refusal to depart from the guidelines was a violation of law. Thus, we hold we do not have jurisdiction to review, as a matter of abuse of discretion, the trial court's refusal to depart downward from the guidelines.

AFFIRMED.

McKAY, Circuit Judge, concurring in part and dissenting in part:

By this decision, the court converts a rule into a license. In dealing with the language of Rule 11(a)(2), the court reads into the phrase "with the approval of the court" a license for trial courts to withhold their approval for any reason or no reason without the possibility of review under any circumstances. In our legal system, the instances are extremely rare in which grants of authority are absolutely insulated from review. We should not read the language of Rule 11(a)(2) as one of those rare examples.

*Thermtron Products, Inc. v. Hermansdorfer,* 423 U.S. 336, 96 S.Ct. 584, 46 L.Ed.2d 542 (1976), provides a striking example of just how unusual the cases are in which judicial action escapes all review. Before the *Thermtron* decision, 28 U.S.C. § 1447(d) looked like as clear a prohibition of appellate review as one could write. With respect to orders remanding removed cases to state courts, section 1447(d) states that: "An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise. . . ." 28 U.S.C. § 1447(d) (1982). In *Thermtron,* a district court remanded a case to the state court from which it was removed for the reason that the district court's docket was too crowded for the district court to hear the case on a timely basis. *See Thermtron,* 423 U.S. at 342, 96 S.Ct. at 589. The Supreme Court held, however, that although section 1447(d) normally protected remand orders from review, a crowded docket was not a permissible reason for remanding a case to state court. *See id.* at 351, 96 S.Ct. at 593.

*Thermtron* proves, therefore, that even where Congress announces an express policy against review, there may be reasons

---

6. The question is not presented, and we do not decide, whether a discretionary refusal to depart downward can ever violate 18 U.S.C. § 3553 and therefore be reviewed under 18 U.S.C. § 3742(e)(1). *See United States v. Denardi,* 892 F.2d 269, 275–85 (3d Cir.1989) (Becker, J., concurring in part and dissenting in part).

7. Of course, if a district court does not exercise its discretion to depart downward because it feels legally prohibited from doing so, i.e., it incorrectly concludes that it has no discretion to depart downward, the sentence is reviewable under 18 U.S.C. § 3742(e)(2). *United States v. Lowden,* 900 F.2d 213, 217–18 (10th Cir.1990).

given by a trial court for a decision that may subject the decision to appellate review. In my judgment, nonreviewability must be read into the language of Rule 11(a)(2) in order to reach our present result, unlike *Thermtron* where the language of section 1447(d) was express. *A fortiori,* some limited scrutiny of clearly unlawful reasons remains under Rule 11(a)(2). In this case, I am persuaded that the trial court gave the one reason that it cannot give as a basis for its decision.

As the majority has noted, the trial court gave an explanation of why it refused to give its consent to a Rule 11(a)(2) plea. I can read the court's statement no other way than to say it rejects the underlying premise of Rule 11(a)(2) and therefore will exercise no discretion whatever. As the majority noted, the court said in support of its decision:

> I am not going to go ahead and impose a penalty in this case after a presentence report and the Defendant can shop and see what he wants to do, and then take an appeal on the pretrial orders.
>
> The Defendant would have to withdraw unequivocally all motions before the Court accepts the plea. Considering the nature of what was inherent in those motions, I will not entertain a Rule 11 matter, so an interlocutory appeal can be taken up while the Defendant is serving his time....

Record, vol. 4, at 6. It may be that if the court had given no reason, but held subjectively this attitude, its decision would have escaped review. It may also be true, as has often been said, that a willful trial judge can find a way to disguise successfully even inappropriate decisions. One should not ascribe such motivation to trial judges, and this judge has not done so. The trial court having been forthright, I believe it is our duty to review the matter and inform the trial judges that however broad their discretion may be, they do not have authority to refuse to exercise the discretion that Congress deliberately has

given them simply because they don't like the policy that underlies Congress's choice.

Aside from this issue, I agree with what the majority has said about the other issues in the case.* My difference is that I would remand to the trial court with direction to exercise Rule 11(a)(2) discretion.

---

* As I understand the court's opinion, even in the broad discretion granted for departure from the guidelines, it correctly has reserved the power of the circuit to review that exceptionally broad discretion if not correctly applied or if the application is illegal. *United States v. Colon,* 884 F.2d 1550, 1554 (2d Cir.), *cert. denied,* — U.S. ——, 110 S.Ct. 553, 107 L.Ed.2d 550 (1989).