951 F.2d 1261
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Donald Ray ELLIOTT, Defendant-Appellant.
 No. 91-2045.
 United States Court of Appeals, Tenth Circuit.
 Dec. 18, 1991.
 
 Before LOGAN, JOHN P. MOORE and BALDOCK, Circuit Judges.
 ORDER AND JUDGMENT*
 LOGAN, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. See Fed.R.App.P. 34(f); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Defendant Donald Ray Elliott appeals the sentence imposed upon him after our remand for resentencing pursuant to an earlier appeal in which we affirmed his conviction. See United States v. Elliott, 915 F.2d 1455 (10th Cir.1990), cert. denied, 111 S.Ct. 2020 (1991). The only issue on appeal is whether the district court erred in denying a requested downward departure based upon defendant's contention that the sentencing guidelines did not adequately take into account the fact that defendant's parole from a prior state court conviction would likely be revoked and he would be required to serve additional prison time. This argument is based upon a recent Eleventh Circuit case holding that a downward departure would be permissible under similar circumstances. See United States v. Weaver, 920 F.2d 1570 (11th Cir.1991) (double penalty resulting from second prison term under the guidelines and postponement of eligibility for parole under original prison term may be mitigated by downward departure).
 
 
 3
 A district court's discretionary refusal to depart downward from the guidelines is not subject to review. See United States v. Davis, 900 F.2d 1524, 1528 (10th Cir.), cert. denied, 111 S.Ct. 155 (1990). The defendant attempts to place this case within our jurisdiction by arguing that the district court erroneously believed it could not depart downward in the circumstances presented here.
 
 
 4
 The problem with defendant's argument is that we cannot construe the district judge's refusal to depart as being based upon a belief that he had no power to do so. Indeed, we believe the record shows the contrary. For example, the sentencing judge said "I will not consider that as a basis for a downward departure." II R. 14 (emphasis added). In imposing a sentence at the bottom of the guideline range, he gave as one reason that defendant "faces doing some more time after he completes his federal sentence." Id. at 20-21. Thus, the record shows that the sentencing judge did take into account the possibility of parole revocation and additional prison time on defendant's state court conviction. At one place in the record the judge stated, "I will extend the consideration that you have requested to me, of me, insofar as imposing a sentence within the guideline range, but I don't feel, Mr. Elliott, that I can engage in a downward departure." Id. at 16. In context we cannot regard that "can" statement as a misunderstanding of the judge's power to depart.
 
 
 5
 Because the sentencing judge's remarks to not reveal that he believed he could not depart downward, we have no jurisdiction to review the sentence imposed within the guideline range.
 
 
 6
 AFFIRMED. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3