977 F.2d 583
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Isaac Lee JOHNSON, Defendant-Appellant.
 No. 91-3764.
 United States Court of Appeals, Sixth Circuit.
 Oct. 13, 1992.
 
 Before MERRITT, Chief Judge, and MILBURN and RALPH B. GUY, Jr., Circuit Judges.
 MERRITT, Chief Judge.
 
 
 1
 Defendant was indicted on three counts of drug-related offenses. The defendant filed a motion to suppress evidence obtained pursuant to a search warrant. He also filed a motion in limine to prevent the introduction of telephone records the government intended to use as evidence at trial. The District Court denied both motions. Subsequently, defendant pled guilty to attempting to possess a cocaine base with intent to distribute and was sentenced to 120 months in prison. Defendant did not invoke the conditional plea provisions of Rule 11(a)(2) and did not otherwise reserve his right to appeal. He now appeals the District Court's denial of both pretrial motions.
 
 
 2
 Under Rule 11(a)(2), Fed.R.Crim.Pro., a defendant, with approval of the court and consent of the government, may enter a conditional plea of guilty and reserve in writing the right to appeal the adverse judgment of any specified pretrial motion. On the other hand, when a defendant enters an unconditional plea he waives most appeals to his conviction, see United States v. Pickett, 941 F.2d 411, 417 (6th Cir.1991), including fourth amendment violations that might otherwise have led to the suppression of incriminating evidence. United States v. Davis, 900 F.2d 1524 (10th Cir.), cert. denied, 111 S.Ct. 155 (1990). Defendant did not file any written reservation of any right to appeal the district court's denial of the defendant's pretrial motions at or before the defendant's guilty plea or at or before his sentencing hearing. Consequently, defendant's argument that the government seized evidence in violation of the fourth amendment is not reviewable. Defendant's claim that the District Court denied his motion in limine is also a nonjurisdictional claim which was foreclosed when the defendant entered an unconditional guilty plea.
 
 
 3
 Because the defendant has not preserved his claims for appellate review it is unnecessary to reach the merits of his objections. Defendant has offered no compelling reasons why the claims he now makes on appeal were not foreclosed by virtue of his unconditional plea of guilty. Accordingly, the judgment of conviction is affirmed.