1 F.3d 1250
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Angel MORENO-RAMOS, Defendant-Appellant.
 No. 93-2078.
 United States Court of Appeals, Tenth Circuit.
 July 20, 1993.
 
 Before TACHA, BALDOCK, and KELLY, Circuit Judges.
 ORDER AND JUDGMENT*
 BALDOCK, Circuit Judge.
 
 
 1
 Defendant pleaded guilty to one count of possession with intent to distribute less than 50 kilograms of marijuana. 21 U.S.C. Secs. 841(a)(1) and (b)(1)(D). At sentencing, Defendant objected to the presentence report claiming that he was entitled to a two point reduction for minor participation. U.S.S.G. Sec. 3B1.2(b). The district court refused to grant the reduction and sentenced Defendant to twenty-one months imprisonment, to be followed by three years supervised release. Defendant's counsel filed an Anders Brief pursuant to Anders v. California, 386 U.S. 738 (1967) (governing counsel's duties upon determining that appeal is frivolous and without merit). We have jurisdiction under 18 U.S.C. Sec. 3742 and 28 U.S.C. Sec. 1291.
 
 
 2
 Defendant frames the following issues on appeal: (1) "the sentence of 21 months is too long. I want to know if I can get it lowered;" (2) "I made an agreement with the government but the guy from the government never came to see me;" (3) "I was not the owner of the load. I was only transporting it. The car I was driving was being driven from El Paso to Los Angeles, not Juarez to Los Angeles;" and (4) "the car isn't mine and they already know that in court."
 
 
 3
 We have no jurisdiction to review Defendant's complaint that his sentence is too long. We only have jurisdiction to review claims that a sentence was imposed in violation of the law or as a result of incorrect application of the Sentencing Guidelines. See 18 U.S.C. Sec. 3742; United States v. Davis, 900 F.2d 1524, 1528-30 (10th Cir.), cert. denied, 498 U.S. 856 (1990).
 
 
 4
 Defendant's argument regarding the government's failure to see him about an agreement fails because the law affords Defendant no right to a plea agreement. Davis, 900 F.2d at 1526. Moreover, the record contains a plea agreement, signed by Defendant, which states that it constitutes Defendant's agreement with the Government in its entirety. Defendant does not allege a violation of that agreement.
 
 
 5
 As to Defendant's remaining arguments, to the extent they relate to his conviction, Defendant has pleaded guilty and does not allege that the plea was uncounseled or involuntary; therefore, Defendant has waived these factual issues. See Tollett v. Henderson, 411 U.S. 258, 267 (1973); Davis, 900 F.2d at 1525-27. To the extent Defendant's remaining arguments relate to whether he was a minor participant under U.S.S.G. Sec. 3B1.2(b), we review for clear error. See United States v. Williams, 923 F.2d 1397, 1404 (10th Cir.1990), cert. denied, 111 S.Ct. 2033 (1991).
 
 
 6
 The district court, finding that Defendant was the sole occupant of the vehicle transporting marijuana, did not apply a two point reduction for minor participation. The record supports the court's finding, and given the lack of any evidence of other participants in the marijuana transportation, it was not clear error for the court to refuse a reduction for minor participation.
 
 
 7
 AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3