5 F.3d 548
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
James Michael FLUELLIN, also known as Michael Barnett,
Defendant-Appellant.
 No. 92-4201.
 United States Court of Appeals, Tenth Circuit.
 Sept. 10, 1993.
 
 ORDER AND JUDGMENT[1]
 Before MOORE, ANDERSON, and BALDOCK, Circuit Judges.
 
 
 1
 After examining the briefs and appellate record, and upon joint motion of the parties, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal and has granted the joint motion to waive oral argument. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore submitted without oral argument.
 
 
 2
 James Michael Fluellin pled guilty to one count of using a false social security number, in violation of 42 U.S.C. 408(a)(7)(B). Evidence incriminating Fluellin was found in his vehicle by a Utah Highway Patrolman, who had stopped Fluellin while driving on Interstate 15. Fluellin appeals his conviction contending that his Fourth Amendment rights were violated by the initial traffic stop and that the reason given for stopping him--because he was speeding--was pretextual. Fluellin asserts that his own failure to make the pretextual stop argument in his motion to suppress and, presumably, the district court's failure to raise the issue sua sponte constitute "plain error" under Fed.R.Crim.P. 52(b). Fluellin urges this court to correct this error by reversing his conviction. We affirm.
 
 
 3
 Fluellin was indicted on nine counts of violating federal laws prohibiting forgery and false identification. He initially pleaded not guilty and brought a motion to suppress evidence found in his automobile, claiming that the search violated the Fourth Amendment on various grounds. Fluellin, however, did not contend in this motion that the traffic stop, itself, was unconstitutional. The magistrate judge hearing Fluellin's motion recommended that the motion be denied,[2] and no objections to this recommendation were made. Instead, Fluellin changed his plea to guilty in exchange for the government dropping eight of the nine charges against him.
 
 
 4
 Fluellin subsequently obtained new counsel and brought a motion to set aside his guilty plea, which was denied. The district court entered judgment of conviction against Fluellin.
 
 
 5
 We need not and do not reach the question of pretext.[3] We reject the argument that Rule 52(b) permits appellate review of a Fourth Amendment issue after the defendant has pleaded guilty. A voluntary and intelligent plea of guilty forecloses review of all non-jurisdictional defenses. United States v. Davis, 900 F.2d 1524, 1525-26 (10th Cir.), cert. denied, 498 U.S. 856 (1990); see Tollet v. Henderson, 411 U.S. 258, 267 (1973). The limited power of review allowed by Rule 52(b) does not diminish the preclusive effect that a valid guilty plea has on a defendant's right to appeal constitutional challenges to events which occurred prior to the guilty plea. See generally United States v. Olano, 113 S.Ct. 1770, 1993 U.S. LEXIS 2986, at * 12-18 (April 26, 1993) (clarifying the three-prong test for determining whether Rule 52(b) permits review). Fluellin waived his right to bring this appeal, and for that reason his conviction is AFFIRMED.
 
 
 
 [1]
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir. R. 36.3
 
 
 [2]
 Although Fluellin did not expressly challenge the validity of the stop, the magistrate judge examined the issue and concluded: "The vehicle was speeding and the stop was valid and not pretextual." R. Vol. I, Tab 27 at 12-13 (citing United States v. Deases, 918 F.2d 118, 120-22 (10th Cir.1990) (speeding), cert. denied, 111 S.Ct. 2859 (1991); United States v. Walker, 751 F.Supp. 199, 202 (D. Utah 1990) (speeding) vacated on other grounds, 933 F.2d 812 (10th Cir.1991); (further citations omitted))
 
 
 [3]
 Even though we do not pass upon the validity of the initial traffic stop, our examination of the record leaves us with little doubt that Fluellin would not have prevailed on the merits of his argument of pretext even if he had not waived this defense by pleading guilty