57 F.3d 1081
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Toby Laura POLASKY, Defendant-Appellant.
 No. 94-4114.
 United States Court of Appeals, Tenth Circuit.
 June 15, 1995.
 
 1
 Before KELLY and McKAY, Circuit Judges, and COOK,[2] Senior District Judge.
 
 
 2
 This case arises from an elaborate "sting" operation devised by FBI agents in Utah to trap fraudulent stockbrokers. Alas, the government succeeded only in trapping itself. After months of posing as shady operators, the Utah agents discovered that their primary target was himself a government informer working for federal officials in New York. Ms. Polasky was unfortunate enough to be the only private citizen left standing on stage when the curtain fell on this dramatic bust, and was indicted on thirteen counts of wire fraud, conspiracy, and sundry other crimes.
 
 
 3
 Ms. Polasky moved to dismiss the indictment because of outrageous government conduct and failure to preserve exculpatory evidence. The district court denied the motion, and Ms. Polasky then pled nolo contendere to a single count of conspiracy to commit wire fraud. She now appeals the denial of her motion to dismiss. The government, in response, avers that by entering an unconditional plea of nolo contendere Ms. Polasky waived any right to appeal.
 
 
 4
 We agree with the government that, in light of Ms. Polasky's unconditional plea, we do not have jurisdiction to consider this appeal. See Tollet v. Henderson, 411 U.S. 258, 267 (1973); United States v. Gines, 964 F.2d 972, 977, 980 (10th Cir.1992), cert. denied, 113 S.Ct. 1023 (1993); United States v. Davis, 900 F.2d 1524, 1525-27 (10th Cir.), cert. denied, 498 U.S. 856 (1990). Ms. Polasky counters by arguing that the government's policy of refusing to consent to pleas of nolo contendere made it impossible for her to enter a conditional plea pursuant to Rule 11(a)(2) of the Rules of Criminal Procedure. We are sympathetic to the dilemma engendered by the government's truculence. The fact remains, however, that Ms. Polasky made no effort to bring her desire to enter a conditional plea to the attention of the district court and took no steps to preserve her right to appeal. She instead willingly entered a plea that she knew would preclude the possibility of appeal. That right cannot be resurrected now.
 
 
 5
 The government's motion to dismiss for lack of jurisdiction is granted, and the case is DISMISSED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 Honorable H. Dale Cook, United States Senior District Judge for the Northern District of Oklahoma, sitting by designation