69 F.3d 548
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
David Brian CERULLO, Defendant-Appellant.
 No. 94-1531.
 United States Court of Appeals, Tenth Circuit.
 July 6, 1995.
 
 Before SEYMOUR, Chief Judge, McKAY and HENRY, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Mr. Cerullo seeks review of the district court's denial of his motion to correct his sentence pursuant to 28 U.S.C. 2255. Mr. Cerullo did not take a direct appeal from his guilty plea. After thoroughly examining the parties' briefs and the record in this case, we affirm the decision of the district court.
 
 
 3
 In October of 1991, Mr. Cerullo was charged with eight drug-related counts in an indictment filed in the United States District Court for the Southern District of Mississippi. Mr. Cerullo thereafter retained counsel in Mississippi, who advised him to consider entering a negotiated plea in his home state of Colorado pursuant to Fed.R.Crim.P. 20.[2]
 
 
 4
 On the date originally scheduled for entry of his guilty plea, the Assistant Public Defender assigned to Mr. Cerullo's case moved to withdraw. After a hearing on the motion, it became apparent that Mr. Cerullo was not satisfied with the course the plea negotiations had taken. He had apparently continued consulting with his attorney in Mississippi outside the presence of his appointed counsel, and was getting what he described as "different stories from different people." Rec. vol. II, at 7. Mr. Cerullo's appointed counsel stated to the court that as a result of Mr. Cerullo's conversations with the attorney in Mississippi, she felt that his confidence in her had waned.
 
 
 5
 Also at this hearing, the prosecutor stated that the offer extended by the government was "the rock-bottom best offer." Id. at 11. Mr. Cerullo nevertheless expressed concerns that he was not getting the best possible plea agreement:
 
 
 6
 [THE DEFENDANT:] I don't really know what to do, Your Honor. I am not--you know, my feeling was that, okay, I've broken the law. And it's certainly very difficult for me to travel to Mississippi. And from what I hear, they would not look favorably upon me down there. I might lose at trial and get a very severe sentence.
 
 
 7
 And it was represented to me that possibly here in my home jurisdiction there could be a more thorough investigation done of me and, you know, possibly things could go better for me here.
 
 
 8
 You know, based on those things, I was also assured that if I did this, that the people in Mississippi would more or less allow Colorado to go ahead with their own conscience. And what I feel is that Mississippi has torpedoed the negotiations between [the public defender and the prosecutor]. If you wanted to ask me exactly what I thought happened, I think that's what happened.
 
 
 9
 Id. at 8.
 
 
 10
 The district court thereafter explained Mr. Cerullo's alternatives to him and explained that he could not continue to be indecisive about his plea. Mr. Cerullo told the court that he believed he could work out a plea rather than having the case sent back to Mississippi. He also reiterated his concerns about the negotiations:
 
 
 11
 THE DEFENDANT: Sir, I would do my best. I just found that--I just heard this [offer] last week. And really, I was a bit shocked. You know, maybe it's my own personal problem. But, you know, I understand that I've broken the law and that I should be punished. I'm just a bit upset with the harshness.
 
 
 12
 Id. at 16-17. The district court then granted the public defender's motion to withdraw, and appointed new counsel for Mr. Cerullo.
 
 
 13
 Over two months later, the district court held a hearing to determine whether to accept Mr. Cerullo's conditional plea under Fed.R.Crim.P. 11(e)(1)(C). Under the proposal, the government agreed to drop seven counts of the indictment in return for Mr. Cerullo's plea of guilty to one count of Aiding and Abetting the Possession with the Intent to Distribute Cocaine under 21 U.S.C. 841 and 18 U.S.C. 2. The agreement was conditioned upon the imposition of a sentence of 51 months imprisonment. The district court thoroughly inquired into the defendant's understanding of the nature of the agreement and the nature of entering a guilty plea and fully complied with the requirements of Fed.R.Crim.P. 11(c). The court was also careful to ensure that Mr. Cerullo entered into the agreement voluntarily and with full knowledge of the consequences. The court accepted Mr. Cerullo's guilty plea at that time.
 
 
 14
 At his sentencing hearing later that month, Mr. Cerullo expressed some concern that due to recent changes in the sentencing guidelines he may have been entitled to an additional downward adjustment in his offense level. The prosecutor noted, however, that a 51 month term of imprisonment would have been within the applicable range under either level, and that the government's conditional offer was contingent on Mr. Cerullo receiving the 51 month sentence--not on a particular guidelines level. The court then offered Mr. Cerullo the opportunity to withdraw his guilty plea. Mr. Cerullo decided to proceed with his guilty plea instead and stated: "I just was hoping that the system would see me as a person who didn't deserve to go to prison for years." Rec. vol. IV, at 15. The court thereafter sentenced Mr. Cerullo to 51 months imprisonment.
 
 
 15
 In his motion before the district court to correct his sentence under 28 U.S.C. 2255, Mr. Cerullo argued that the district court should have reduced his sentence in light of the previously-mentioned amendments to the sentencing guidelines. He also argued that his attorney's failure to obtain a reduction in the proposed sentence in light of the amendments to the sentencing guidelines violated his Sixth Amendment right to effective assistance of counsel. Mr. Cerullo raises these issues on appeal, and also takes issue with the district court's disposition of his 2255 motion. Specifically, he alleges that the district court should have held a hearing on his claims, that the district court did not properly address all of the issues raised in his motion, that the district court did not consider the entire record, and that the government's response to his motion was insufficient.
 
 
 16
 We initially note that a defendant who voluntarily enters a plea of guilty waives all nonjurisdictional defenses. United States v. Davis, 900 F.2d 1524, 1525-26 (10th Cir.), cert. denied, 498 U.S. 856 (1990). We therefore agree with the district court that Mr. Cerullo may not now claim that he was entitled to a downward adjustment in his offense level after having voluntarily entered his guilty plea with the knowledge that the court would in turn impose a 51 month term of imprisonment. We therefore turn to the merits of Mr. Cerullo's ineffective assistance claim.
 
 
 17
 In Hill v. Lockhart, 474 U.S. 52 (1985), the Supreme Court delineated the standard for proving that ineffective assistance of counsel resulted in an involuntary plea: "Where ... a defendant is represented by counsel during the plea process and enters his plea upon the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases.' " Id. at 56 (quoting McMann v. Richardson, 397 U.S. 759, 771 (1970)). The prosecutor in this case specifically advised Mr. Cerullo that the 51 month sentence was the government's "rock-bottom best offer." The prosecutor also made clear that this offer was irrespective of any potential downward adjustment under the sentencing guidelines because the 51 month sentence fell well within the range available to the court under either level. It is clear from this record that Mr. Cerullo's attorney reasonably believed that the 51 month sentence was the best offer available to him. This court therefore believes that Mr. Cerullo's attorney's advice fell well within the range of required competence. In light of this record, the district court was not required to hold an evidentiary hearing.[3]
 
 
 18
 AFFIRMED. The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order. 151 F.R.D. 470 (10th Cir.1993)
 
 
 [2]
 This attorney apparently told Mr. Cerullo that he would get "better treatment" in Colorado and that the Mississippi court was "going to think that he was some rich hobnobber from Aspen, Colorado, like all the Hollywood types that live there." Rec. vol. II, at 5
 
 
 [3]
 Mr. Cerullo's other arguments regarding the disposition of his motion by the district court have been thoroughly reviewed by this court and are without merit