NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 05a0892n.06
Filed: November 10, 2005

No. 04-3230

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| FLOYD J. HULL, | ) | NORTHERN DISTRICT OF OHIO |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |
| | ) | |

Before:  CLAY, GIBBONS, and GRIFFIN, Circuit Judges.

**JULIA SMITH GIBBONS, Circuit Judge.**  Floyd Hull ("Hull") was indicted and found guilty of being a felon in possession of a handgun and counterfeiting.  The district court sentenced Hull to forty-eight months imprisonment, followed by three years of supervised release.  Hull appeals the sufficiency of the evidence on the felon in possession count, the district court's denial of his motion to conditionally plead guilty, and his sentence.  For the following reasons, we affirm Hull's convictions, but we vacate his sentence and remand for resentencing under *United States v. Booker*, - - - U.S. - - -, 125 S. Ct. 738  (2005).

I.

1

During an investigation into the distribution of counterfeit currency, Charles Hull made a controlled purchase of $2,000.00 of counterfeit currency from defendant-appellant Floyd Hull ("Hull") at Hull's residence in Cleveland, Ohio. Following the controlled purchase, the Lakewood Police sought judicial approval for a warrant to search Hull's residence. Hull left his residence before the search warrant had been approved. Law enforcement officers stopped Hull's vehicle, arrested him, and recovered $500.00 of the money used by Charles Hull to purchase the counterfeit currency during a search of the vehicle. Additionally, counterfeit currency was found on Hull's person during the traffic stop.

Upon approval of the search warrant, the officers searched Hull's residence.[1] The officers found sheets of counterfeit currency in the kitchen and four firearms and ammunition in various rooms of the house. A starter pistol was found in plain view on a dresser in the living room. A loaded .22 caliber pistol was found in or on top of a box in a bedroom. Two loaded .22 caliber rifles were found in the attic. Ammunition was also found in various locations, including in pill bottles that had belonged to his aunt.

Hull was indicted for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and for counterfeiting in violation of 18 U.S.C. § 472. The felon-in-possession charge included all four firearms found in the residence. Following a hearing, the district court denied Hull's motion to suppress the firearms and counterfeit currency seized from the home. Hull filed a motion indicating his willingness to conditionally plead guilty to the counterfeiting charge (Count

---

[1] Hull lived with his aunt, who had owned the house for twenty-five years, until she died in January 2002. Many of the aunt's personal effects remained scattered throughout the house at the time of the search.

2

2) on September 17, 2003. On September 22, 2003, the district court denied the motion through marginal entry.

Hull's trial commenced on November 5, 2003. The parties stipulated that Hull had previously been convicted of a crime punishable by imprisonment for a term exceeding one year. The jury returned a guilty verdict on both counts of the superseding indictment on November 7, 2003. On February 11, 2004, Hull was sentenced to forty-eight months imprisonment and three years of supervised release. Hull filed a notice of appeal on February 19, 2004.

II.

Hull challenges his convictions on two grounds: (1) that the evidence that he knowingly possessed the firearms and ammunition was insufficient to support his conviction; and (2) that the district court abused its discretion in denying his conditional guilty plea on the counterfeiting charge. Neither argument is persuasive.

The relevant question in reviewing a claim of insufficient evidence is "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Humphrey*, 279 F.3d 372, 378 (6th Cir. 2002) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). Before searching the house, Secret Service Agent Daniel McNamara asked Hull if there were any weapons or people in the residence. Hull responded that there were no people, but that there was a "pistol or handgun on a piece of furniture in the front room of the home." Hull did not challenge this testimony during trial and does not challenge this testimony on appeal. McNamara also testified that during inventory of the rifles, a law enforcement officer asked where the rifles were found. When another officer responded that they were found upstairs, Hull interjected that the rifles "were in the attic" or "must have been in the attic." Viewed in the light most favorable to the prosecution, Hull's

3

statements demonstrate his knowledge that those three firearms were in the home and contradict Hull's argument that he did not know the firearms were in the residence.[2]  Additionally, the loaded .22 caliber revolver that was found in a bedroom at the residence was found underneath a pair of men's pants, and Hull was the only male living in the house at the time of the search.  Thus, Hull has fallen short of the *Jackson* requirement that no rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt after viewing the evidence in the light most favorable to the government.

Hull's claim that the district court abused its discretion in denying his conditional guilty plea is equally baseless.  Federal Rule of Criminal Procedure 11(a)(2) states that "[w]ith the consent of the court and the government, a defendant may enter a conditional plea of guilty." Hull's motion to enter a conditional guilty plea reserved his right to appeal the denial of his motion to suppress. Neither the government nor the court consented to Hull's conditional plea of guilty to the counterfeiting charge.  A district court has absolute discretion to deny a conditional guilty plea. *United States v. White*, 366 F.3d 291, 302 (4th Cir. 2004); *United States v. Davis*, 900 F.2d 1524, 1527 (10th Cir. 1990).  Rule 11(a)(2) "create[s] no enforceable 'right' to enter a conditional plea." *United States v. Fisher*, 772 F.2d 371, 374 (7th Cir. 1985).  The district court is not required to provide a reason for denying a defendant's conditional guilty plea. *Davis*, 900 F.2d at 1527.  Given the absolute discretion of the district court and the language of Rule 11(a)(2), there is no merit to

---

[2] Hull's uncle testified at trial that he placed the rifles in the attic when he helped Hull's aunt move into the house more than twenty-five years earlier.  However, this is not determinative of whether Hull was in possession of the weapons.  Moreover, the jury may not have credited the memory of the uncle, who could not remember the year in which the aunt purchased the house, the exact location of her bedroom, or the month in which she died.

Hull's argument that the district court abused its discretion in denying his motion to enter a conditional guilty plea to the counterfeiting charge.

III.

In a letter brief, Hull also challenges his sentence, arguing that it was imposed contrary to the Supreme Court's ruling in *United States v. Booker*, due to the fact that the district court sentenced him based on judicially-found facts that were not admitted to by the defendant nor presented to the jury for decision during trial. *Booker* established that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." 125 S. Ct. at 756. Thus, it is necessary for the panel to review the sentence in light of *Booker* in order to determine whether a remand is required. Because Hull did not raise the challenge to his sentence below, plain error is the applicable standard of review. *United States v. Barnett*, 398 F.3d 516, 525 (6th Cir. 2005).

Hull's base offense level was determined to be 20 pursuant to U.S.S.G. § 2K2.1(a)(4) because he had a prior felony conviction. Hull's sentence was enhanced two levels pursuant to U.S.S.G. § 2K2.1(b)(1)(A) for possession of four firearms, which resulted in an offense level of 22 and a sentencing guideline range of 46 - 57 months imprisonment. Hull was sentenced to 48 months imprisonment. Hull's argument that the number of guns in his possession was not submitted to the jury is misleading. The jury was instructed that they were not required to find that Hull possessed all four firearms in order to convict him for the felon in possession charge. However, the verdict form instructed the jury to "specify . . . which firearm(s) and/or ammunition you have found was/were possessed as charged in Count 1 of the indictment. Each such finding must be

5

unanimous." The jury found that Hull possessed all four firearms; therefore, Hull's Sixth Amendment rights were not violated.

However, it is plain error in this circuit to sentence a person under the presumption that the Guidelines were mandatory. *Barnett*, 398 F.3d at 525. The district court did not indicate how the appellant would have been sentenced under advisory as opposed to mandatory Guidelines.

## IV.

For the foregoing reasons, we AFFIRM Hull's convictions, but VACATE his sentence and REMAND the case for resentencing.