FILED
United States Court of Appeals
Tenth Circuit

March 31, 2008

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

ESTEBAN PARRA,

Defendant-Appellant.

No. 07-8040

(D. Wyoming)

(D.C. No. 04-CR-219-CAB)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **ANDERSON**, and **MURPHY**, Circuit Judges.

---

After examining the briefs and appellate record, this court has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Defendant, Estaban Parra was charged in a one-count indictment with possession with intent to distribute 100 kilograms or more of marijuana, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B). Parra filed a motion to suppress

---

[*]This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

evidence obtained during a road-side search of his vehicle. The district court denied the motion and Parra thereafter entered into a plea agreement with the Government, agreeing to plead guilty to the violation charged in the indictment. Parra was resentenced[1] on April 25, 2007, to sixty months' imprisonment, followed by four years of supervised release. Parra filed a timely Notice of Appeal and his counsel, Lori Brand, filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), moving to withdraw as counsel. For the reasons set forth below, we agree with Ms. Brand that the record in this case provides no nonfrivolous basis for an appeal, and we therefore grant counsel's motion to withdraw and dismiss this appeal.

On October 23, 2004, Parra was pulled over by Wyoming Highway Patrol Trooper Benjamin Peech for failing to use his turn signal when changing lanes. Peech questioned Parra about his travel plans and asked whether he was carrying a commercial load in his rented truck. Parra denied that he was transporting a commercial load. After Peech returned Parra's documents, Parra consented to a search of the truck. As Peech attempted to unlock the truck, Parra admitted that he was carrying a commercial load of peppers. During their subsequent search of

---

[1]Parra was originally sentenced on April 25, 2005, and he did not file a direct appeal. He did, however, file a timely motion pursuant to 28 U.S.C. § 2255, alleging his trial counsel was constitutionally ineffective for failing to file a notice of appeal. The district court granted the § 2255 motion, vacated Parra's sentence, resentenced him to the same sixty-month term of imprisonment, and appointed new counsel. Parra's new attorney filed the notice of appeal that led to the matter currently before this court.

the truck, officers discovered 53 bricks of marijuana weighing approximately 990 pounds (450 kilograms), including the packaging. The record does not indicate how much the marijuana weighed without the packaging.

Parra was charged by indictment with possession with intent to distribute 100 kilograms or more of marijuana, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B). The district court denied his motion to suppress the evidence obtained during the search of his vehicle. Parra then pleaded guilty pursuant to the terms of an unconditional plea agreement. The district court accepted Parra's guilty plea after informing him of the constitutional rights and privileges he would thereby waive and establishing the factual basis for the plea.

The United States Probation Office then prepared a presentence report ("PSR") which calculated Parra's criminal history as Category II and his total offense level as twenty-five. Parra did not make any objections to the PSR. The district court sentenced him to a five-year mandatory minimum sentence. *See* 21 U.S.C. § 841(b)(1)(B). Parra's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), advising this court that Parra's appeal is wholly frivolous. Accordingly, counsel has also filed a motion to withdraw. Under *Anders*, counsel may "request permission to withdraw where counsel conscientiously examines a case and determines that any appeal would be wholly frivolous." *United States v. Calderon*, 428 F.3d 928, 930 (10th Cir. 2005). Counsel is required to submit a brief to both the defendant and this court

indicating any potential appealable issues. *Id.* The defendant may then submit additional arguments. "The [c]ourt must then conduct a full examination of the record to determine whether defendant's claims are wholly frivolous. If the court concludes after such an examination that the appeal is frivolous, it may grant counsel's motion to withdraw and may dismiss the appeal." *Id.* (citation omitted). Parra's counsel filed her *Anders* brief on August 31, 2007. Parra has not submitted any additional arguments. Our conclusions, therefore, are based on counsel's *Anders* brief and our own review of the record.

Parra's guilty plea may be set aside on direct appeal if he did not enter into it knowingly and voluntarily. *See United States v. Asch*, 207 F.3d 1238, 1242 (10th Cir. 2000). In her *Anders* brief, Parra's counsel asserts there is no basis for challenging Parra's guilty plea. Having reviewed the record, we agree. During the change of plea hearing, the district court carefully and extensively questioned Parra about his plea and his understanding of its consequences. There is no basis for an appellate claim that Parra's plea was not entered knowingly and voluntarily. Further, in the written plea agreement Parra did not preserve his right to appeal the denial of his motion to suppress. Accordingly, he has waived the right to raise all nonjurisdictional defenses on direct appeal and the denial of his motion cannot form the basis of an appeal. *See United States v. Davis*, 900 F.2d 1524, 1525-26 (10th Cir. 1990).

The only other possible basis for an appeal must relate to Parra's sentence. The PSR calculated an advisory guidelines range of sixty-three to seventy-eight months' imprisonment based on a Criminal History of II and an offense level of twenty-five. The district court, however, sentenced Parra to a sixty-month mandatory minimum sentence pursuant to 21 U.S.C. § 841(b)(1)(B)(vii) which dictates such a sentence for possession of more than 100 kilograms of marijuana. Although the record does not indicate how much the marijuana weighed without its packaging, Parra stipulated in the written plea agreement that he possessed between 400 and 700 kilograms. Accordingly, we agree with counsel that there is no nonfrivolous basis upon which Parra could challenge his sentence.

Our review of the record reveals no other claims arguable on their merits, and we accordingly conclude that Parra's appeal is wholly frivolous. Counsel's motion to withdraw is **granted** and this appeal is **dismissed**.

ENTERED FOR THE COURT

Michael R. Murphy
Circuit Judge